### NORTH ZULCH INDEPENDENT SCHOOL DIST. v. WILLOW HOLE INDEPENDENT SCHOOL DIST.

#### No. 1965.

Court of Civil Appeals of Texas. Waco.

May 27, 1937.

Rehearing Denied June 24, 1937.

Bennett & Bennett, of Normangee, for appellant.

Seale & Seale, of Centerville, and R. W. Dean, of Navasota, for appellee.

ALEXANDER, Justice.

This suit involves a dispute between two school districts over a territory of approximately 1,000 acres of land known as the Panhandle Territory in Madison county. This territory was formerly a part of Willow Hole Independent School District. In 1935, some of those who resided within the disputed territory filed a petition with the county board of school trustees of Madison county, requesting that said territory be transferred from Willow Hole Independent School District to North Zulch Independent School District. The North Zulch school board agreed to accept transfer of the territory. On April 30, 1935, the county board of school trustees of Madison county passed an order with reference to the annexation of said territory, which read in part as follows: "A motion was made by G. F. Robinson and seconded by J. R. Lindsey that the territory as described in the metes and bounds of the petition be transferred from the Willowhole Inc. School District to the North Zulch Ind. School District, provided the people of North Zulch have an election and vote bonds sufficient to pay the territory detached pro rata part of the present Willowhole bond indebtedness. If the bond issue fails to carry the territory remains a part of the Willowhole Independent School District." The above motion carried. On June 7th of the same year, the board passed another order directing the North Zulch Independent School District to make an effort by July 25, 1935, to hold an election to assume the indebtedness of the territory in question. The matter seems to have been discussed by the board from time to time, but apparently the North Zulch Independent School District never voted the bonds in question and the outstanding indebtedness owing by the territory in question was never adjusted. On March 3, 1936, the county board of school trustees passed another order reading in part as follows: "The Board discussed the Panhandle controversy, then T. W. Strawther made a motion that the County Board rescind their act of April 30, 1935. This act involved the transfer of territory known as the Panhandle which was tranferred from the Willowhole School District to North Zulch School District." The motion carried.

The Willow Hole Independent School District brought this suit against North Zulch Independent School District to have the purported transfer of said territory from the Willow Hole Independent School District to North Zulch Independent School District held invalid and to restrain the latter from entering the disputed territory and levying taxes therein and transporting the school children therefrom to the North Zulch Independent School District for school purposes. It was further alleged that the North Zulch Independent School District, through certain misrepresentations to the state board of education, had induced the superintendent of schools to pay to the North Zulch Independent School District the per capita allotment of $19.50 per pupil for the thirty-nine pupils who resided within the disputed territory, whereas the same should have been paid to the Willow Hole Independent School District. Plaintiff prayed for a mandatory injunction requiring the North Zulch school board to pay said money over to the plaintiff. Upon a trial on the merits before the court without a jury, the trial court held that the order of the county board of school trustees, of date April 30, 1935, purporting to transfer the disputed territory to the North Zulch Independent School District was a conditional order, and that since the conditions of that order were never complied with, the county board of school trustees had a right to and did rescind the same by its order of date March 3, 1936, and that as a result the disputed territory never became attached to the North Zulch Independent School District. Said disputed territory was declared to be a part of the Willow Hole Independent School District and the attempted transfer thereof was held for naught, and the trustees of the North Zulch Independent School District were enjoined from transporting and receiving pupils out of the disputed territory into the North Zulch Independent School District for school purposes and from attempting to collect school taxes from said territory, and a mandatory injunction was issued requiring the North Zulch Independent School District to pay to the Willow Hole Independent School District the sum of $19.50 per pupil on thirty-nine pupils in the territory in question. The defendant appealed.

We agree with the holding of the trial court that the order of the county school board for the transfer of the disputed territory to the North Zulch school never became effective. The county school board was authorized under certain circumstances and upon certain conditions to transfer territory from one school district to another. The act granting the authority to make such

transfer expressly provided that the county school board should adjust the bonded indebtedness affected by the transfer, and further provided that before any tax could be levied over the territory of the new district to cover the assumed indebtedness, the same . should be authorized by a vote of the new district. Vernon's Ann.Civ.St. art. 2742f, § 1-a (Acts 1931, 42d Leg., chap. 140, p. 235, § 1). The language of the order of the county school board for the transfer of territory in this instance shows clearly that the order was conditional and that it was to become effective only in the event of a proper adjustment of the bonded indebtedness of the territory in question, and that in the event of a failure in this respect, the territory in question should remain a part of the old district. It is not contended that the conditions of the order were met and as a consequence the order of transfer never became effective and the territory in question remained a part of the Willow Hole Independent School District.

The judgment of the trial court is affirmed.