**KERMIT INDEPENDENT SCHOOL DIST. NO. 5 et al. v. STATE ex rel. WINK INDEPENDENT SCHOOL DIST. NO. 1 et al.**

No. 4547.

Court of Civil Appeals of Texas. El Paso.
Feb. 5, 1948.

Rehearing Denied Feb. 26, 1948.

Charles L. Klapproth and Klapproth & Hamilton, all of Midland, J. H. Starley, of Pecos, and William E. Pool, of Kermit, for appellants.

James D. Willis, of Pecos, Hart Johnson, of Fort Stockton, Stubbeman, McRae & Sealy, of Midland, Cantey, Hanger, Mc-Knight & Johnson, Warren Scarborough and Byron Scarborough, all of Fort Worth, and Tom Sealy, of Midland, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Pecos County in a quo warranto proceeding. The proceeding was instituted in Winkler County by the District Attorney on the relation of Wink Independent School District and several individuals as Trustees composing the Board of Education of said District, and as individual taxpayers against the Kermit Independent School District No. 5 and several individuals, Trustees of said Kermit District, and several individuals composing the County Board of Trustees of Winkler County. Venue was changed to Pecos County.

The Court instructed the jury to return a verdict in favor of relators, and render judgment in favor of relators against respondents. It was decreed that a certain order of the Winkler County Board of Trustees of date January 22, 1946, was in full force and effect and had been in force and effect since February, 1946, and under said order certain lands in Winkler County, including the area in dispute (which will be hereinafter further designated) were part of the Wink Independent School District and no part of said Kermit Independent School District. It was further decreed that an order of May

6, 1946, of the County Board of Trustees of Winkler County attaching the area in dispute to the Kermit Independent School District was void and of no effect. Kermit Independent School District has perfected this appeal.

Relator, Wink Independent School District, will be hereinafter called "Wink District"; the respondent, Kermit Independent School District, as "Kermit District"; the County Board of Trustees of Winkler County the "County Board" and the area in Winkler County attempted to be attached to Kermit District by the order of May 6, 1946, as the "area in dispute".

In accordance with Texas Rules of Civil Procedure 384 the Kermit District filed the transcript herein within 20 days from the perfection of its appeal, but did not file a statement of facts within said 20 days. After the expiration of 20 days from the perfection of the appeal it filed a motion here for an extension of time within which to file the statement of facts. This motion we denied in the belief that under the Rule as it then existed it was beyond our power to grant such leave. The Rules governing the filing of transcript and statement of facts in quo warranto cases prior to the filing of said motion for extension, have been amended, giving the Courts of Civil Appeals power in proper cases to grant an extension of time, but this amendment did not go into effect before January 1, 1948.

The appeal is before us on the transcript alone. This being the case, if the pleadings of the Wink District state a cause of action it is our duty to affirm the case. The pleadings were assailed by numerous special exceptions by the Kermit District. These exceptions in most instances raise issues of law and for the various reasons stated therein, in substance assert that relators' pleadings state no cause of action.

To discuss the issues raised it is deemed necessary to summarize the pleadings of Relators with some particularity. The petition discloses on January 22, 1946, the following school districts existed in Winkler County: Wink District and Kermit District, each an independent school district, and four common school districts, to wit, Districts No. 2, 3, Waddell Common School District No. 4, and common school district No. 6. It was averred that each of said common school districts had on said date less than 10 scholastics residing therein and no public schools had been maintained in any of them for a period of more than five years.

On and prior to January 22, 1946, the County Board of Trustees was composed of five members, to wit, Messrs. Reneau, Lineberry, Hubbard, Waddell and Smith. On said date at a special meeting of said Board, Messrs. Reneau, Lineberry and Hubbard were present and Messrs. Waddell and Smith were absent. The purpose of the meeting was to take some definite action as to the annexation of some lands of the Common School Districts to the Wink and Kermit Districts. The school trustees of Waddell Common School District had been requested to attend the meeting, but did not attend.

By motions duly made and seconded, certain lands theretofore a part of the common school districts were attached or annexed to said Wink District, and certain lands to said Kermit District. The lands herein referred to as "area in dispute" consisting of some 100 sections were attached to the Wink District. Under the motions the orders of annexation were to become effective on the reading and approval of the minutes at the regular meeting of the Board in February. The minutes were duly read and approved at said regular meeting in February.

On or about February 4, 1946, the Board caused to be filed in the County Clerk's office a certified copy of said order of January 22, 1946, the Wink District acting through its School Trustees accepted the disputed territory as a part thereof, and accepted responsibility for furnishing the area in dispute with school facilities. The area in dispute on January 22, 1946, was contiguous to the then boundaries of the Wink District.

On or about May 6, 1946, the County Board had a meeting with all Trustees present. A resolution was passed reciting

that the order of January 22, 1946, was void, and rescinded same. The resolution recited in substance that the order of January 22, 1946, was void because no reference was made to the law under which the action was taken; because it undertook to annex land to the respective school districts and the Winkler County Board of School Trustees was without authority to annex said land according to the proceedings but should have attached said land to said independent school district. It is not shown by the motions that the land so attempted to be annexed had fewer than 10 resident scholastics within its boundaries as a common school district, and it is not so shown that no public school had been conducted within such territory as the common school district, for a period of five years immediately preceding such action by the said County Board of School Trustees. It is not shown that the territory so attempted to be annexed was of any common school district abolished or subdivided according to such motions, nor that such territory was attached to any or all contiguous school districts. It is not shown by such motions that the common school districts embracing said lands were abolished. It is not shown by the minutes of such proceedings upon what statutory authority the County Board of School Trustees of Winkler County, Texas, acted.

The order further recites that the Board is acting under Articles 2742e—1 and 2742m of Vernon's Revised Civil Statutes; that all said common school districts are abolished; that the Board finds that each of said districts contained less than 10 scholastics and no public school had been maintained in any of the districts within the last five years.

Certain lands were attached to the Wink District and certain lands attached to the Kermit District. The land in dispute was by the order of the Board of January 22, 1946, attached or annexed to the Wink District; by the order of May 6, 1946, it was attached to the Kermit District.

The order of May 6, 1946, relied upon by the Kermit District recites that none of the common school districts involved had more than 10 scholastics therein and no schools had been conducted in any of them for a period of five years.

In our opinion decisive in this appeal is the determination of whether or not the order made by the Board of Trustees of January 22, 1946, was a valid and effective order. If valid it legally attached the territory in dispute to the Wink District, and the attempted rescission by the order on May 6, 1946, was invalid because it in no way complied with the law relating to detaching land from one independent district and attaching it to another independent district.

■ There is no statement of facts herein, and the pleading of facts by the prevailing party must be taken as facts. There is small doubt but the facts as pleaded by the parties represent in substance the true facts. Before considering as to whether or not the County Board exercised the power it did have in the premises in the manner at the time it was authorized to act, it is thought proper to consider whether there was power delegated to that body to attach the area in question to the Wink District.

Article 2742e—1, Vernon's Civil Statutes, provides in substance the County Board shall have authority and full power to abolish or subdivide any common school district or other district coming under its jurisdiction having fewer than 10 resident scholastics within its boundary if no public school has been conducted therein within five years. The territory of any such district may be attached to any or all contiguous school districts or county line school districts as may be determined by the County Board. Article 2742e—1 is from the Acts of 1939, 46th Legislature, p. 293 § 1. Article 2742m, Vernon's Civil Statutes purports to endow the County Board with about the same authority over common school districts having less than 10 scholastics in which no school has been held for five years. This section appears in the Acts of 1935, 44th Legislature, p. 393, chapter 151 § 1.

In the case of Brownfield v. Tongate, 109 S.W.2d 352, the Amarillo Court of

Civil Appeals held that said Article 2742m was constitutional. The Court upheld an order of the County Board subdividing a a common school district and attaching part of the territory to an independent school district in the same county. The common school district had less than 10 scholastics resident therein and no school had been maintained therein for five years. The procedure adopted in the passage of the order was about the same as that adopted by the County Board here. The case is likewise authority for the proposition that Article 2742f did not apply to the situation there presented and does not apply to the situation here presented.

The application of said Articles 2742e—1 and 2742m is rather restricted. The application is only to districts that have less than 10 resident scholastics and in which there has been no school conducted for five years. These areas contribute nothing to the education of scholastics therein and have not so contributed for five years. See Brownfield v. Tongate, supra. In the Case of County School Trustees, etc., v. District Trustees, etc., 137 Tex. 125, 153 S.W.2d 434, loc.cit. 438, the opinion held that Article 2742m did not apply to the situation therein presented, but there is by implication at least an inference that said Article has a field of application. The only field of application it can have is as to dormant common school districts.

It is contended that Article 2806, Vernon's Civil Statutes, as amended, 49th Legislature, p. 416, chapter 264, repeals Article 2742m. There is no repealing clause in the Act referring to said Article 2742m. We can find no repugnancy between Article 2806 and Article 2742m. If said Article 2806 applies to the same subject matter as 2742m it is merely cumulative. It is thought that Article 2806 was not intended to apply to common school districts in a state of dormancy which has continued for five years. As to only one of these common school districts here involved it is shown it ever had a Board of Trustees.

It is to a rather narrow and restricted field that Articles 2742e—1 and 2742m apply, but we are unable to find where the authority therein granted has ever been taken away or modified. Of course the facts of dormancy required by the Articles must exist to confer the power. These facts existing it is not for the judicial department to say that the law is other than wise and salutary. Here there can be no question but that such facts did exist. Appellees so plead and the answer of appellants pleads in substance the order of the County Board of May 6, 1946, reciting the existence of such facts.

It is held the County Board had the power to pass the order of January 22, 1946. There then arises the question, did it exercise that power in the manner conditioning the exercise thereof? It is asserted that the order was made at a special meeting of the Board. There is no requirement that we can find that the action taken was required to be taken at a regular meeting of the Board, furthermore the action was ratified and confirmed at the next regular meeting of the Board in February. It is urged that a majority of the Board of Trustees did not vote for the resolution of January 22, 1946. Article 2684, Vernon's Civil Statutes, provides in substance that three members of the County Board shall constitute a quorum and that all questions shall be decided by majority vote. Our construction of the Article is that a majority of the quorum is all that is required. If this construction be incorrect the pleading of relators shows that the three members present voted for the resolution. It is true appellants' pleadings puts this in issue. There being no statement of facts, appellees' pleadings must be taken as the facts. It is not contended that the minutes of the meeting of January 22, 1946, signed by the President and attested by the Secretary, do not show that all three members voted.

The contention that the order or resolution should have shown the authority under which the Board acted is deemed without merit. It was unnecessary for the order to set up the facts as to the dormancy of the common school district in question. The power to act depended upon the existence of the facts rather than the recital of their existence in the order. Marfa Independent School District v. Wood,

135 Tex. 223, 141 S.W.2d 590, (Opinion adopted Sup.Ct.) A careful reading of the Statutes deemed applicable with reference to the creation and subdivision of school districts has convinced us of the correctness of Judge Critz's observation to the effect

"In the beginning of this discussion we will say that this Court finds the school laws of this State very confusing and difficult of proper interpretation." County School Trustees of Orange County v. District Trustees of Prairie View County School Dist., 137 Tex. 125, 153 S.W.2d 434, 436.

▇ It is asserted that prior to the order of January 22, 1946, there was no abolishment of said dormant common school districts. Our view is that the order of that date operated as an abolishment and a division of the area theretofore constituting the common school districts between the Kermit and the Wink Districts.

▇ Articles 2742c, 2742b, 2742a and 2681 are each and all deemed inapplicable to common school districts dormant under Articles 2742e—1 and 2742m. In our opinion quo warranto was the proper remedy as against the asserted authority of the Kermit District over the area in contro-

versy. County School Trustees of Runnels County v. State, Tex.Civ.App., 95 S.W.2d 1001.

▇ The above cited case likewise supports the proposition that if the order dated January 22, 1946, of the County Board of Winkler County was legal and valid, its order of May 6, 1946 was void, because in fact it was an attempt to subdivide an independent school district without compliance with the relevant statutes. It is our understanding that appellants do not contend that if the order of January 22, 1946 was valid that the order of May 6, 1946 was valid. If the area in controversy was validly annexed to the Wink District it could not detach same at a subsequent meeting of the County Board without compliance with the Statute relative to detaching territory from a functioning independent school district. Weinert Inpendent School Dist. v. Ellis, Tex.Civ.App., 52 S.W.2d 370.

It follows from what we have said that the order of January 22, 1946 of the Board substantially conformed to the applicable statute.

Finding no error, it is ordered that the judgment of the trial court be in all things affirmed.