

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

August 8, 1949

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-877

Re: Authority of County
School Board to rescind
an order consolidating
a dormant school dis-
trict, Article VIII, S.B.
116, 51st Legislature.

Dear Sir:

We refer to your recent opinion request con-
cerning the following question and submitted fact situa-
tion.

The Donley County School Board on
July 6, 1949, acting under Article VIII,
S.B. 116, 51st Legislature, by order con-
solidated two dormant districts, Whitefish
C.S.D. and Glenwood C.S.D., both of which
districts are located entirely in Donley
County, with the McLean Independent School
District located entirely in Gray County.
This action was taken in line with a peti-
tion from the patrons of the named dormant
districts asking for such consolidation.

On July 11, 1949, this Donley County
School Board rescinded its action of July
6, and consolidated said districts, White-
fish and Glenwood, to the Alanreed Independ-
ent School District of Gray County.

Question: "Since the dormant dis-
tricts in question are located in Donley
County and the independent districts in
question are located in Gray County, and
since the consolidation on July 6 was less
than 30 days from the effective date of
S.B. 116, while the consolidation of July
11 was more than 30 days after the effec-
tive date of S.B. 116, I should like your
opinion regarding the authority of the Don-
ley County School Board to take the action

above outlined."

In our opinion, decisive of the matter before us is the determination of whether or not the order made by the Donley County School Board of July 6, 1949, was a valid and effective order. If valid, it legally consolidated the Whitefish and Glenwood dormant districts of Donley County with an adjoining district, McLean, located in Gray County, and thereby created a new county-line school district; and the attempted rescission by the order on July 11, 1949, was invalid because it no way complied with the law (Section 2 of Article 2742e and Section 1 of Article 2742f) relating to detaching land from one independent district and attaching it to another independent district. County School Trustees of Runnels County v. State, 95 S.W.2d 1001 (Tex. Civ. App. 1936, error dism.); Kermit I.S.D. No. 5 v. State, 208 S.W.2d 717 (Tex. Civ. App. 1948); Weinert I.S.D. v. Ellis, 52 S.W.2d 370 (Tex. Civ. App. 1932).

The fact that one order was made on July 6, that is, within the 30-day provision of Article VIII, S.B. 116, and the subsequent order was made on July 11, which was after the 30-day period of the Act, is irrelevant in this matter. This office in its opinion No. V-855 has held that the 30-day period in S.B. 116 is directory rather than mandatory in nature, and that consolidations under Article VIII may be expected after as well as within the 30-day period following the effective date of S.B. 116.

The application of Article VIII is restricted. It expressly prescribes that "the provisions herein for the consolidation of school districts by order of the County Board of Trustees shall be applicable only in the circumstances herein enumerated." The first paragraph of Article VIII requires consolidation of each dormant school district within the county with an adjoining district or districts. It deals with a dormant district located entirely within one county. The second paragraph requires consolidation of each dormant county-line district. It provides that "the several counties affected" (by this provision requiring the consolidation of a dormant county-line district) shall "to the extent the territory in each respective county" apply the provisions of this Act. It deals with a dormant district whose boundaries include territory lying in two or more counties.

With respect to consolidation of a dormant district located wholly within one county, Article VIII requires that the Board of that county shall consolidate same "with an adjoining district or districts." Likewise, since the second paragraph refers to the provisions of the first, it follows that Boards of those counties affected in the consolidation of a dormant county-line district are required thereunder by their several action to consolidate dormant areas "to the extent of the territory in each respective county" with an adjoining district or districts. A. G. Opinion V-876.

It will be observed that no provision in Article VIII requires that a dormant district located wholly within one county or territory of a dormant county-line district within a county shall consolidate "with an adjoining district or districts" within the county wherein it is located. Therefore, we think that Article VIII may not be construed as prohibiting consolidation of such dormant districts or territory with an adjoining district or districts across a county line.

It will be observed further, however, that the Legislature in providing for the consolidation of county-line districts, as above discussed, limited the jurisdiction of the Boards of the counties affected to consolidate only "to the extent of the territory" in its county. This constitutes, in our opinion, an intention on the part of the Legislature to preserve jurisdiction to each county school board the power to determine consolidation matters affecting the school districts within its jurisdiction. We do not believe that Article VIII was intended to force one county school board to accept against its will or without its approval consolidations under Article VIII made by an adjoining county school board. Its primary purpose, as we see it, is to require that dormant districts, dormant territory, and territory not now a part of any school district, shall be consolidated with an active adjoining district or districts, be it in County A or an adjoining County B. It should not be construed in a manner which may result in friction and disputes between county school boards, and in the creation of jurisdictional conflicts.

As pointed out in Opinion No. V-876 concerning dormant county-line districts, the Legislature in Article VIII did not give the county board which now has jurisdiction of the county-line district for ad-

ministrative purposes, the authority to consolidate in its entirety the dormant county-line district.

Accordingly, it is our opinion that the action taken by the County School Board of Donley County on July 6, 1949, by virtue of the provisions of Article VIII, S.B. 116, 51st Legislature, consolidating dormant common school districts, Whitefish and Glenwood, located entirely in Donley County, with the adjoining McLean Independent School District, located entirely in Gray County, is valid, provided the County School Board of Gray County consents or approves thereto. Such orders of approval should designate which county board shall have jurisdiction of the newly created county-line district for school purposes.

## SUMMARY

A dormant school district under Article VIII, S.B. 116, 51st Legislature, located entirely in one county or that portion of a dormant county-line district located in a certain county, may be consolidated with an adjoining active school district or districts located in another county, where the county school boards of the counties to be affected thereby consent and approve to such consolidation.

If an order passed by a county school board acting under Article VIII, S.B. 116, consolidating a dormant school district with an adjoining district or districts in another county is valid, an attempted rescission of that order by a subsequent board order purporting to consolidate that same district with another district is invalid, because it in no way complies with the laws relating to detaching from one district and attaching to another. Kermit I.S. D. No. 5 v. State, 208 S.W.2d 717; Weinert I.S.D. v. Ellis, 52 S.W.2d 370.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Joe R. Greenhill*
FIRST ASSISTANT
ATTORNEY GENERAL
CEO:bh:mw

By *Chester E. Ollison*

Chester E. Ollison
Assistant