**NARUNA COMMON SCHOOL DIST. NO. 8, BURNET COUNTY, et al. v. STEELE et al.**

**No. 9845.**

Court of Civil Appeals of Texas. Austin.

April 5, 1950.

Rehearing Denied April 19, 1950.

determine whether or not Naruna Common School District No. 8 should be consolidated with the Lampasas Independent School District, and praying for temporary injunctive relief.

Naruna Common School District No. 8 will be hereafter referred to as Naruna and the County Board of School Trustees of Burnet County as the Board.

Naruna was a county line district composed of lands in Burnet County and in Lampasas County. It had some thirty scholastics but no school had been held in the district for the past six years, during which time these scholastics have attended the Lampasas Independent School. The administrative control of Naruna was vested in the Board.

Naruna adjoined the Burnet Independent School District and the Lampasas Independent School District.

On June 28, 1949, the Board passed its order consolidating Naruna with the Burnet Independent School District. This order was passed without Lampasas County being consulted. One of the trustees of Naruna was notified of this meeting and he notified another trustee and they attended the meeting, but, further than this, the wishes of the Naruna trustees or the residents of the district were not inquired into by the Board. On the same day, but after the order of consolidation was passed, appellants presented a petition to the County Judge of Burnet County praying that an election be called to determine whether or not Naruna should be consolidated with the Lampasas Independent School District. The County Judge refused this petition for the reason that the Board had already passed the order consolidating Naruna with the Burnet Independent School District.

It is admitted that Naruna was a dormant district as that term is defined in Section 8 of S.B. 116, Acts of the Regular Session of the 51st Legislature, 1949, Vernon's Ann. Civ.St. art. 2922—18. It is also conceded by all parties that the action taken by the Board was pursuant to Section 8 of S.B. 116, which provides:

"Within thirty (30) days from the effective date of this Act, the County Board of

Abney & Cass, of Lampasas, and J. V. Hammett, of Lampasas, for appellants.

J. W. Wheeler, of Austin, for appellees.

GRAY, Justice.

This is an appeal by appellants (Naruna Common School District No. 8 of Burnet County, Texas, acting by and through its trustees, joined by other parties at interest) from a judgment denying their petition praying that the County Judge of Burnet County be required to call an election to

Trustees of the several counties of the State are hereby authorized and required to consolidate by order of said Board each dormant school district within the county (as herein defined) with an adjoining district or districts. The term 'dormant' as used herein shall mean any school district that fails, for any two (2) successive years subsequent to 1946–1947 school year, to operate a school in the district for the race having the greater number of enumerated scholastics in the district. The Board of Trustees for the district with which such dormant school district is consolidated shall continue to serve, and be, the Board of Trustees for the new district. In each such case, the consolidation order of the County Board of Trustees shall define by legal boundary description the territory of the new district as so enlarged and extended, and said order, including the description of the district, shall be recorded in the minutes of the County Board of Trustees and otherwise as provided by law. Elections shall be held in such consolidated districts for the assumption of outstanding bonds, if any, for the levying of taxes therefor, and for the levying of a local maintenance tax; said elections to be ordered and held as now provided by law.

"If a countyline district is or becomes dormant, as herein defined, the provisions of this Act shall apply and be followed by the several counties affected to the extent of the territory in each respective county.

"It is hereby declared to be the intention of the Legislature that all property subject to school district taxation within the State of Texas be included within the limits of a school district and that a proper and proportionate tax be paid thereon for school purposes. Within thirty (30) days from the effective date of this Act, and at any time that it may be determined there is territory located in a county and not within the described limits of a school district, the County Board of Trustees of such county are hereby authorized and required to add such territory to an adjoining district or districts and the provisions herein made with reference to recording and defining the area of the new district thus enlarged, with reference to assumption of

bonds, authorization of a tax therefor, and for a local maintenance tax, shall be followed in all such cases.

"The provisions herein for the consolidation of school districts by order of the County Board of Trustees shall be applicable only in the instances and circumstances herein enumerated, and shall not be construed to repeal, supersede or limit any existing statute providing other methods for school district consolidation and annexation."

The order of consolidation as entered in the minutes of the Board described the area so consolidated as the Naruna Common School District, and provided that the boundaries of the consolidated district created by the order "are established and defined" by therein making reference to the minutes of the Board. It is shown such area includes territory in both Burnet and Lampasas counties.

On July 30, 1949, appellants presented their petition to the district judge praying for injunctive relief, a restraining order was issued and the cause set down for hearing on August 10, 1949. On a day subsequent to July 30th but prior to August 10th, the Board met and considered the order of June 28th, recognized such order included lands in Lampasas County but, because of the restraining order then in force, took no action.

For a reversal of the trial court's judgment denying them relief, appellants here present four points.

By points one, two and three they say the order of consolidation is void because: (1) consent of Lampasas County, the other county affected, was not obtained; (2) the whole of the county line district including the Lampasas County lands was consolidated; and (3) the same is arbitrary and unreasonable and, under the circumstances, constitutes an abuse of discretion. And, by point 4 they say the order is void because S.B. 116, Vernon's Ann.St. art. 2922—11 et seq., is unconstitutional for the reason it contains more than one subject.

By the terms of Section 8, supra, the county boards are "authorized and re-

quired" to consolidate, by order of said board, each dormant school district within the county with an adjoining district or districts. It makes this provision apply to any county line district that "is or becomes dormant," and provides that the provisions of the act shall apply and be followed by the several counties affected "to the extent of the territory in each respective county."

We think that by the provisions of Section 8, supra, the Legislature plainly and directly commanded the county school trustees of the several counties to consolidate dormant school districts with an adjoining district or districts, and that, as applicable to dormant county line districts, the provisions clearly limit the authority of the county boards to the lands lying in their respective counties. There is nothing in the section to suggest that the Legislature intended that the authority of any one board to act is dependent on the consent of other affected counties. We hold it was not necessary that the consent of Lampasas County be obtained before the Board was authorized to enter the consolidation order to the extent of the lands in Burnet County.

It is true, we think, that the Board had no jurisdiction over that portion of the Naruna District lying in Lampasas County under the provisions of Section 8, supra, and that that portion of its order consolidating such land with the Burnet Independent School District is void. However, we think the order was valid as to the land lying in Burnet County, and that, as to such valid and void parts, the order was separable since the valid part is not dependent on the invalid part; and that the rule applicable to judgments is applicable here. See Kubena v. Hatch, 144 Tex. 627, 193 S.W.2d 175.

The Board is an administrative body authorized to exercise the powers conferred on it by Section 8, supra, which authority is there limited to control of that part of the dormant Naruna district lying in Burnet County, but the fact that the Board (inadvertently or otherwise) included lands in Lampasas County in its order would not render the entire order void for the reasons stated. State Mortgage Corporation v. Ludwig, 121 Tex. 268, 48 S.W. 2d 950.

Naruna is here treated by the parties as having been a valid existing county line district for which reason we assume that the requirements of Article 2743, V.A. C.S., were complied with in its creation, and that an order defining the district by metes and bounds is of record in both Lampasas and Burnet counties, and, also, that the metes and bounds of the Burnet Independent School District is of record in Burnet County. For these reasons the metes and bounds of the consolidated district could be ascertained by reference to such records. District Trustees of Midway Common School Dist. No. 7 et al. v. Leon County School Trustees, Tex.Civ.App., 203 S.W.2d 860.

As we review the record relative to appellants' point three, their chief complaint appears to be that because of the consolidation order the children residing in that portion of Naruna lying in Burnet County will be compelled to travel more miles in going to and from Burnet Independent School than they would travel in going to and from Lampasas Independent School, and that the condition of the roads over which said children would travel is not the same.

While Section 8, supra, made it mandatory that the Board consolidate the part of Naruna lying in Burnet County with an adjoining district or districts, the selection of such district or districts is left to the discretion of the Board. In the exercise of such discretion the Board having selected Burnet Independent School District, its action will not be disturbed unless an abuse of discretion, fraud, undue influence or the like is shown. 37 Tex. Jur., p. 895, sec. 37.

The order of consolidation recites, "Whereas, after due investigation it would be to the best interest of the above mentioned dormant district to consolidate said school district with Burnet Independent School District." And the only two members of the Board who testified at the trial

said they considered the best interests of the children in making the order, and that the roads from Naruna to Burnet and to Lampasas were similar and about the average for Burnet County. The Chairman of the Board testified that Burnet Independent School District is well equipped to transport the children from Naruna to Burnet. We think the evidence fails to show bad faith, abuse of discretion, fraud or undue influence, for which reason interference with the discretionary power of the Board by the courts is not authorized. Wise Common School Dist. No. 2 of Castro County v. Castro County School Trustees, Tex.Civ.App., 141 S.W.2d 1028, Er.Ref.

The title of S.B. 116 sets out a rather comprehensive plan for the operation of the Foundation School Program therein provided for. It begins as follows: "An Act to provide a minimum Foundation School Program for the public free schools of the State." Then follow the several provisions of the act, including provisions for the financing of the program, the method by which each district shall be required to pay its proportionate part of the program based upon its financial ability, providing an economic index for the several counties, providing the method of apportioning the amount of local participation among the districts of each county and the circumstances to be taken in consideration in connection therewith, "defining what shall constitute dormant school districts, for the purposes of this Act, and providing for and requiring consolidation by the County Board of School Trustees of the several counties of the State of such dormant districts." And providing for a determination of the amount of funds to which each district is eligible under the act.

Appellants argue that S.B. 116 violates Section 35 of Article 3 of the Texas Constitution, Vernon's Ann.St., Section 8 of the act relates to a subject complete within itself and different from the subject of the act.

In considering this constitutional provision the Supreme Court said in Johnson v. Martin, 75 Tex. 33, 12 S.W. 321, 324: "This provision has been frequently construed to require only the general or ultimate object to be stated in the title, and not the details by which the object is to be attained. Any provision calculated to carry the declared object into effect is unobjectionable. * * * 1 Dill.Mun.Corp. § 28."

The question has been many times before our Supreme Court and that court has consistently declared this constitutional requirement should be given a liberal construction. Gulf Ins. Co. v. James, 143 Tex. 424, 185 S.W.2d 966.

The several provisions of the act, including Section 8, detail the steps by which the ultimate object of the act is to be accomplished, and are fairly and legitimately within the subject and germane to it. 39 Tex.Jur., p. 88, Sec. 41, and p. 90, Sec. 42.

The public free school system will be promoted by the consolidation of dormant districts for the reason that, under existing laws, the properties within such districts are made subject (by elections) to bear their proportionate share of the taxes of the districts with which they are consolidated and thereby are made to contribute to the financing of the program as is provided in the act. And, by a transfer of the scholastics of such dormant districts, the daily attendance records and the professional units provided for in the act may be affected and determined as therein provided. We think the provisions of Section 8 are within the general subject matter of the act. Board of School Trustees of Young County v. Bullock Common School District No. 12; Tex.Com.App.; 55 S.W.2d 538.

The judgment of the trial court is affirmed.

Affirmed.