**JAYTON RURAL HIGH SCHOOL DISTRICT, Appellant,**

v.

**GIRARD INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 6630.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 22, 1956.

Rehearing Denied Nov. 19, 1956.

Tom Davis, Haskell, Watson & Watson, Stamford, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

NORTHCUTT, Justice.

We take the statement of appellee as to the nature of this cause of action:

"This suit was brought by the appellee against the appellant for the purpose of securing a declaratory judgment of the District Court of Kent County, Texas, concerning the validity of a certain order of the County School Trustees of Kent County, Texas, dated March 11th, 1953, whereby certain territory situated in Kent County, Texas, and known as the Higgins Common School District No. 23 was consolidated with the appellee district under the terms and provisions of Article 2922–18 [Vernon's] Revised Civil Statutes of Texas. The suit also sought to have declared invalid and void two subsequent orders of the County School Trustees of Kent County, Texas, dated March 3rd, 1954 and December 9th, 1954, whereby such County School Trustees of Kent County, Texas first, attempted to rescind the order of March 11th, 1953, and second, attempted to consolidate the Higgins Common

School District No. 23 with the appellant district. To the appellee's petition were attached as exhibits certified copies of all school board orders pertaining to the controversy.

"The appellant district answered with certain special exceptions to the appellee's petition, which were never presented to nor ruled on by the trial court, a general denial and a cross-action by which it sought to have the trial court declare the March 11th, 1953 order of the County School Trustees of Kent County, Texas to be invalid and void and to have the trial court declare the orders of March 3rd, 1954 and December 9th, 1954, valid."

Practically all of the evidence was by stipulation and agreement as to the introduction of certain actions taken in the annexation of Higgins Common School District No. 23 of Kent County, Texas, to the Girard Independent School District and also the annexation of the Higgins District to Jayton Independent School District. The stipulation was as follows:

"The parties to this suit, acting herein by and through their respective attorneys of record, hereby agree and stipulate in open court, as follows:

"I

"That upon all material dates involved in this suit the Girard Independent School District was, and is now, a County Line School District, with territories situated in Kent and Dickens Counties, Texas, and that upon all material dates involved in this suit, a legal description, by metes and bounds, of said District was of record in the proper offices of Kent County, Texas. This stipulation shall not be construed as any admission by the Defendant that the Higgins Common School District No. 23 constitutes any part of the Girard Independent School District.

"II

"That upon all material dates involved in this suit the Higgins Common School District No. 23 was situated entirely in Kent County, Texas, and that prior to its annexation, or consolidation, with either the Plaintiff or the Defendant, a legal description of said District, by metes and bounds, was of record in the proper offices of Kent County, Texas.

"III

"That until the date of May 19, 1953, the Jayton District was the Jayton Independent School District, and that after said date the Jayton District was the Jayton Rural High School District, as shown by the records in the offices of the officials of Kent County, Texas, and the metes and bounds descriptions of said District was, and are, as shown of record in said offices. That until the date of May 19, 1953, the Jayton District was not contiguous to the Higgins Common School District No. 23; but after said date was contiguous to the Higgins Common School District No. 23.

"IV

"That during the time that a school was conducted in the Higgins Common School District No. 23, all of the students who attended said school were members of the white race, and that the school terms for such School District in each year began in the month of September and ended in the month of May, and that the last school conducted in said District was the school term which ended in May of 1951.

"V

"It is stipulated that the Minutes of the County School Trustees of Kent County, Texas show: 'The foregoing Minutes were read and approved on this 4th day of April, A.D. 1953';

that included in the Minutes, preceding such approval, is the Order of the Board, dated March 11, 1953, a copy of which is attached to Plaintiff's Petition.

## "VI

"That the Girard Independent School District collected all taxes that were paid by the taxpayers who owned the property comprising the Higgins Common School District No. 23 for the years 1953 and 1954, and have placed said property on its Tax Rolls for the taxable year of 1955; and that the Jayton Rural High School District has assessed said property for the year 1955 and have placed same upon its Tax Rolls for said taxable year. This stipulation shall not be construed as an admission by either Plaintiff or Defendant that the other was or is entitled to collect said taxes.

## "VII

"That following the Order of the County Board of Trustees of Kent County, Texas dated March 3, 1954, and more particularly during the month of March of 1954, the Plaintiff was duly notified of the passage and entry of said Order and was furnished a copy thereof.

## "VIII

"That the court reporter may attach to this stipulation a metes and bounds description of the Girard Independent School District, as it exists now, exclusive of the territory comprising the Higgins Common School District No. 23; and that the court reporter may attach to this stipulation a metes and bounds description of the Jayton Rural High School District, as it exists now, exclusive of the territory comprising the Higgins Common School District No. 23; and that the court reporter may attach to this stipulation a metes and bounds description of the Higgins Common School District No. 23, as it

existed on March 11, 1953 and/or December 9, 1954.

"It is further agreed that such metes and bounds descriptions of the respective School Districts shall constitute a part of the evidence and record in this case.

\*　　\*　　\*　　\*　　\*　　\*

## "IX

"That on March 12, 1955, an election was duly held in the Jayton Rural High School District, including the territory formerly comprising the Higgins Common School District No. 23, for the authorization of a bond issue of $275,-000.00, to be known as 'Jayton Rural High School District Building Bonds'; and that thereafter, on March 31, 1955, the Board of Trustees of the Jayton Rural High School District, entered an Order authorizing the issuance of said bonds and they were therafter duly issued and sold; and that on July 2, 1955, an election was held in the Jayton Rural High School District, including that territory formerly comprising the Higgins Common School District No. 23, to vote bonds in the sum of $100,000.00, known as 'Jayton Rural High School District Building Bonds, Series 1955–B', and that thereafter, on July 28, 1955, the Board of Trustees of the Jayton Rural High School District entered an Order authorizing issuance of such bonds and they were thereafter duly issued and sold, copies of which orders are introduced into evidence as a part of the record in this case."

The County School Board of Kent County convened in called session on March 11, 1953, and by unanimous vote declared the Higgins District to be a dormant district since no school had been maintained in the district since May 1951, and they annexed the Higgins District to the Girard Independent School District. On April 4, 1953, the County School Trustees of Kent Coun-

ty convened and approved the minutes of the meeting of March 11, 1953. On June 12, 1953, there was presented to the County Judge of Kent County, Texas, a petition signed by more than twenty legally qualified voters residing in the Girard County Line Independent School District praying that an election be called in the district to determine whether Kent County or Dickens County should have jurisdiction over the school district for administration purposes. On June 17, 1953, the County Judge of Kent County entered an order calling such election for July 11, 1953, and due notice was given of such election. The election was held and results canvassed and it was determined that 174 votes were cast for Dickens County and 18 votes were cast for Kent County. On July 15, 1953, the County Board of School Trustees of Dickens County, Texas, met in regular session and ratified and confirmed the action of the Kent County School Trustees declaring the Higgins District dormant and attaching the same to the Girard School District and passed an order attaching the Higgins District to the Girard Independent School District. Thereafter for the years of 1953 and 1954 the Girard District collected the taxes upon the property that had originally been collected by the Higgins District. On March 3, 1954, the Kent County School Trustees entered an order declaring the order entered by them on March 11, 1953, to be void and on December 9, 1954, entered their order to consolidate the Higgins District with appellant.

This case was tried to the court without a jury and the court entered judgment declaring that the territory (and described the same) formerly comprising the Higgins Common School District No. 23 or Kent County, Texas, is a part of the territory comprising the Girard Independent School District under and by virtue of the order of the County School Trustees of Kent County, Texas, dated March 11, 1953. The judgment of the court further declared the order entered by the County School Trustees of Kent County, Texas, dated March 3, 1954, whereby said trustees attempted to rescind its order of March 11, 1953, was void and also declared the order entered by the Kent County Trustees on December 9, 1954, attempting to annex and consolidate the Higgins territory to the appellant district was void and denied appellant any relief. From that judgment appellant has perfected this appeal.

█ This entire appeal is based upon the contention that the order of March 11, 1953, was void. It is further contended that the actions of the Kent County Trustees on March 3, 1954, rescinded the order entered on March 11, 1953. The school trustees of Dickens County had on July 15, 1953, already ratified and confirmed the action of the Kent County Trustees and collected the school taxes on the property in Higgins District for the year of 1953. It was held in the case of South Taylor County Independent School District v. Winters Independent School District, 151 Tex. 330, 249 S.W.2d 1010, by the Supreme Court, that where the action of the trustees had been by them rescinded before being acted upon and accepted by another district, the order could be rescinded. By this same reason, if Dickens County Trustees had accepted the order of the Kent County Trustees (which they had) then the Kent County Trustees could not rescind the action of March 11, 1953, as the order had become final. If the order of March 11, 1953, holding the Higgins District to be dormant was valid then the order made on December 9, 1954, attempting to consolidate Higgins to appellant would be void because the acts were not a compliance with the statutes. Kermit Independent School District No. 5 v. State ex rel. Wink Independent School District, Tex.Civ.App., 208 S.W.2d 717. It is admitted that the last school conducted in Higgins District was the school which ended on May of 1951. Article 2922–18 required the Kent County Board of Trustees to consolidate by order of said board the Higgins District if dormant for a period of two successive years with an adjoining district or districts. The Jayton

District was not contiguous to the Higgins District until May 19, 1953. There were no allegations in appellant's pleadings nor evidence offered to show any bad faith, abuse of discretion, fraud or undue influence on the part of the Kent County Board of Trustees declaring the Higgins District a dormant school district and attaching it to the Girard District. Article 2922–18 further provides:

"It is hereby declared to be the intention of the Legislature that all property subject to school district taxation within the State of Texas be included within the limits of a school district and that a proper and proportionate tax be paid thereon for school purposes. Within thirty (30) days from the effective date of this Act, and at any time that it may be determined there is territory located in a county and not within the described limits of a school district, the County Board of Trustees of such county are hereby authorized and required to add such territory to an adjoining district or districts and the provisions herein made with reference to recording and defining the area of the new district thus enlarged, with reference to assumption of bonds, authorization of a tax therefor, and for a local maintenance tax, shall be followed in all such cases."

There is no question about there not being any school in the Higgins District from May 1951 until the order entered March 11, 1953, and it is agreed that there was no school in that district during March, April and May of 1953. There is no showing that any taxes were levied and collected during that period of time to finance the school or that there was any chance or intention of any school being held in that district during the remaining term of March, April or May 1953 or any other time thereafter. It certainly is true that it was not likely that after not having any school for the past twenty-one months there would be school for the remaining portion of March, April and May—and definitely

it was shown and admitted that Higgins District proved to be dormant more than the two years. Under this state of the record, where the Kent County Board of Trustees exercised discretion and decreed the Higgins District dormant and having attached it to the Girard District, and having been accepted by the Girard District and taxes collected as was done and such proceedings acted upon, its action should not be disturbed unless an abuse of discretion, fraud, undue influence or the like is shown. Naruna Common School District No. 8, Burnet County v. Steele, Tex. Civ.App., 229 S.W.2d 107.

We are of the opinion that the action of the Kent County School Trustees was recognized, approved and acted upon by the appellee, and that the action of said trustees was validated by Article 2815g–48, Vernon's Tex.Civ.St.

Judgment of the trial court is affirmed.