JAYTON RURAL HIGH SCHOOL DISTRICT V. GIRARD
INDEPENDENT SCHOOL DISTRICT

No. A-6163. Decided April 10, 1957.
(301 S.W. 2d Series 80)

*Tom Davis,* of Haskell, *Watson & Watson,* of Stamford, *Wilson & Logan* and *Francis G. Culhane,* all of San Angelo, for petitioner.

*Conner & Walker* and *A. W. Walker,* all of Spur, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a declaratory judgment action brought by respondent, Girard Independent School District, hereinafter called plaintiff, a county line independent school district located in Kent and Dickens Counties, Texas, against petitioner, Jayton Rural High School District, hereinafter called defendant, and being located wholly in Kent County. The object of the suit was to determine whether plaintiff or defendant was rightfully entitled to claim, as a part of its territory, the former Higgins Common School District No. 23, hereinafter called Higgins School District.

The facts preceding the controversy are as follows: On March 11, 1953, the County Board of School Trustees, hereinafter called County Board, of Kent County, Texas (having proper jurisdiction at that time over plaintiff, defendant and Higgins School District) passed an order reciting, "* * * It is a matter of record that no school has been held in the Higgins

District, nor no school maintained in this district since May of 1951, thus Higgins School District No. 23 is a dormant district. Mr. Galbreath further stated that the Girard Independent School can serve the Higgins District to the advantage of both Districts. After discussion by members of the board, motion was made by D. J. Young and seconded by J. R. George that Higgins Common School District No. 23 be annexed to Girard Independent School District. The motion passed by a unanimous vote." The minutes of this meeting, including the order annexing Higgins School District to plaintiff, were read and approved at the next meeting of the County Board held on April 4, 1953. Leaving out intervening matters, which are immaterial to a disposition of this case, the next thing that happened was that the County Board of Kent County on March 4, 1954 passed the following order:

"* * * Whereas the County Board of School Trustees did not follow proper legal procedure in attempting to annex Higgins Common School District No. 23 to the Girard Independent School District at its meeting on March 11, 1953;

and

WHEREAS such attempted transfer of territory was not legally possible because the Higgins District had not been dormant for the required length of time; The County Board of School Trustees declares this order of March 11, 1953, void and hereby rescinds same, and further action on this matter will be postponed until a complete study of all aspects of the case shall be made."

On December 9, 1954, the County Board of Kent County passed an order annexing Higgins School District to the defendant.

In the trial court the parties stipulated as to the facts of the case and upon a trial before the court, without a jury, judgment was rendered holding the Kent County School Board's order of March 11, 1953 annexing Higgins School District to plaintiff to be a valid order. The court held the Kent County School Board's orders of March 4, 1954 and December 9, 1954 to be void and of no force and effect. Judgment was rendered that Higgins School District was validly and legally annexed to plaintiff, Girard Independent School District. The defendant, Jayton Rural High School District, appealed to the Court of Civil Appeals at Amarillo. That Court affirmed the trial court's judgment. 295 S.W. 2d 487.

Defendant, by its points of error in this Court, complains that the order of March 11, 1953 was illegal and void because the County Board had no authority to issue the same for the reason that the order shows upon its face that Higgins School District at all times was not a dormant school district within the meaning of Article 2922-18, Vernon's Annotated Texas Civil Statutes. Plaintiff seeks to uphold this order. Whether or not this order is valid or invalid will control the disposition of this cause. We hold that the order of March 11, 1953 was and is invalid and void and we therefore reverse the judgment of the Court of Civil Appeals.

Article 2922-18 reads, in part, as follows:

"Within thirty (30) days from the effective date of this Act, the County Board of Trustees of the several counties of the State are hereby authorized and required to consolidate by order of said Board each dormant school district within the county (as herein defined) with an adjoining district or districts. The term 'dormant' as used herein shall mean any school district that fails, for any two (2) successive years subsequent to 1946-1947 school years, to operate a school in the district for the race having the greater number of enumerated scholastics in the district. * * * Elections shall be held in such consolidated districts for the assumption of outstanding bonds, if any, for the levying of taxes therefor, and for the levying of a local maintenance tax; said elections to be ordered and held as now provided by law. * * * The provisions herein for the consolidation of school districts by order of the County Board of Trustees shall be applicable only in the instances and circumstances herein enumerated, and shall not be construed to repeal, supersede or limit any existing statute providing other methods for school district consolidation and annexation."

■ We note that this statute defines a "dormant" district as one that fails to operate a school in the district for any two successive years. The stipulation of the parties, the order of March 11, 1953 and the findings of fact of the trial court all state that no school has been maintained in the Higgins School District since May 1951. Thus the Higgins School District was not a "dormant" district within the meaning of the statute on March 11, 1953 nor on April 4, 1953.

The statute expressly confers the power upon the County Board to consolidate school districts "only in the instances and circumstances herein enumerated." This Court said in the case of Mesquite Independent School Dist. v. Gross, 123 Texas 49,

67 S.W. 2d 242, in speaking of the powers of a County Board of School Trustees, that such board was a creature of statute and only has such jurisdiction as is expressly given it by statute, or is implied as a necessary incident to the jurisdiction so expressly given. Geffert v. Yorktown Independent School Dist., 290 S.W. 1083, Texas Com. App.; State Line Consol. School Dist. No. 6 of Parmer County v. Farwell Independent School Dist., 48 S.W. 2d 616, Texas Com. App. Also it was held that the powers possessed by the Board must be exercised in strict conformity with the mandatory direction of the statute, and any action without legal authority is void.

The method of consolidation provided for in Article 2922-18 is a summary proceeding to be taken by the County Board only if the conditions laid down by the statute are present. No consent of the district affected is required, either by an election, or by order of the district trustees. The statute defines "dormant" and the courts have no power to give any meaning other than that expressly set out by the Legislature. The facts show a school was conducted in Higgins School District as late as May 1951, which was not two years prior to the order of consolidation.

Plaintiff contends that the order of consolidation was ratified by later actions of the Kent County Board in not setting aside the original order for a one-year period. During this period an election was held in the consolidated Girard District transferring the jurisdiction over Girard from Kent to Dickens County. This election was held July 11, 1953, and a majority voted in favor of Dickens County, and the Dickens County Board accepted such jurisdiction. On July 15, 1953 the County Board of Dickens County, at a regular session, ratified and confirmed the action of the Kent County Board of Trustees in consolidating Higgins School District with plaintiff. Thereafter, plaintiff collected the school taxes on the property situated in Higgins School District for the years 1953 and 1954, and placed the property on the tax rolls for the year 1955. Had the order of the Kent County Board entered on March 11, 1953 been a valid order, these actions would have deprived the Kent County Board of any power to rescind the order of March 11, 1953.

Having held the order of March 11, 1953 invalid, no action on the part of the plaintiff or of the Dickens County Board could give it validity. Higgins School District being wholly in Kent County, the County School Board of Dickens County had no jurisdiction over it. Naruna Common School Dist. No. 8, Burnet County v. Steele, 229 S.W. 2d 107, Texas Civ. App., 1950, ref.

The case of Handley v. Coker, 248 S.W. 2d 814, Texas Civ. App., 1952, wr. ref., involved the validity of an order of a county board seeking to consolidate a dormant district to an operating district under the provisions of Article 2922-18. It was there held that the County Board could correct its orders at a time later than the term at which the order was first entered upon the ascertainment by the board that facts upon which it based its first order were incorrect. This reasoning applies to uphold the action of the Kent County Board in rescinding its order of March 11, 1953 by passing the order of March 4, 1954. See also Kermit Independent School Dist. No. 5 v. State, 208 S.W. 2d 717, Texas Civ App., 1948, no writ history.

■ Plaintiff makes the further contention that the Legislature by passage of what is now Article 2815g-48, effective April 22, 1954, validated the order of March 11, 1953, and thereby the consolidation of Higgins School District became valid and effective. That contention might be correct were it not for the last sentence contained in Section 3 of such validating act. That sentence reads: "* * * provided further, that this Act shall not apply to any district * * * which may have been established and which was later returned to its original status.* * *" By its order of March 4, 1954 the County Board of School Trustees had returned Higgins School District and plaintiff, Girard Independent School District, to its status as it existed prior to the order of March 11, 1953. Therefore, it is included within the district to which the validating act does not apply by virtue of its own terms.

■ It must reasonably follow from the invalidity of the order of March 11, 1953 that Higgins School District remained a common school district subject to the jurisdiction of the Kent County Board only. The order of the Kent County Board dated December 9, 1954 annexing Higgins School District to defendant, Jayton Rural High School District, is a valid order. The facts show that by December 9, 1954, Higgins School District was a dormant district within the meaning of Article 2922-18. The County Board of Kent County was required by provision of said statute to annex Higgins School District to an active district. This they did.

Further, the validating act of the Legislature, effective April 28, 1955 and carried as Article 2815g-50 in Vernon's Annotated Texas Civil Statutes, ratified and confirmed the order of December 9, 1954.

It is our holding that Higgins Common School District No. 23 was not validly annexed to Girard Independent School District, but was validly annexed to Jayton Rural High School District, and is now a part thereof.

The judgments of the Court of Civil Appeals and the district court are reversed and judgment is here rendered for petitioner as per this opinion.

Opinion delivered April 10, 1957.