## MATHIS INDEPENDENT SCHOOL DIST. et al. v. ODEM INDEPENDENT SCHOOL DIST.

### No. 11956.

Court of Civil Appeals of Texas. San Antonio. June 22, 1949.

R. E. Schneider, Jr., George West, Joseph C. Ternus, Sinton, for appellants.

J. B. Trimble, Corpus Christi, W. B. Moss, Sinton, for appellee Cook.

NORVELL, Justice.

By motion to dismiss, appellee raises the question of which rule, No. 384 or No. 386, Texas Rules of Civil Procedure, determines the time for filing the record in this Court. If the cause be "a quo warranto proceeding," the motion must be sustained, as Rule 384 is applicable.[1] The nature of the case therefore determines the proper order to be rendered by this Court.

The transcript discloses that on September 20, 1948, in Cause No. 7029, the Odem Independent School District, located in San

---

[1] No motion for new trial was filed in the court below, and no motion for an extension of the time within which to file the transcript in this Court was presented. Said transcript was filed with the Clerk of this Court on February 8, 1949. The judgment appealed from contains the following notation above the judge's signature: "Entered this 14 day of December, 1948." Unless time be extended upon motion, Rule 384, relating to appeals in quo warranto proceedings, requires "the transcript and statement of facts (to be) filed in the Court of

Patricio County, Texas, brought suit against the Mathis Independent School District, a consolidated county line district located in San Patricio and Live Oak Counties, Texas, and Mrs. Augusta Henderson, * * * the tax assessor-collector of said Mathis District. The petition alleged that Mrs. Henderson as tax assessor-collector had attempted to assess and collect taxes upon a certain specifically described tract of land which was a part of the Odem District, as it had been detached from the Mathis District and annexed to the Odem District by orders of the County Boards of School Trustees of San Patricio and Live Oak Counties, passed on the 5th day of May, 1947, in compliance with the provisions of Article 2742f, § 1, Vernon's Ann. Civ.Stats. The Odem District sought an injunction to prevent the Mathis District and its tax assessor-collector from levying, assessing and collecting taxes upon property within the disputed territory.

On the next day, September 21st, the State of Texas, acting by and through the County Attorney of San Patricio County and upon the relation of the Mathis Independent School District and Malcolm A. Maedgen, president of said district, filed an information in the nature of quo warranto asserting that the annexation of the territory involved to the Odem Independent School District was invalid. The State and the relator prayed for judgment "that defendant be ousted from exercising any character of control or jurisdiction in school matters, including the assessment, rendition and collection of taxes from the land and territory in said petition described, declaring that said territory constitutes no part of defendant school district, for costs and general relief."

On the 30th day of September, 1948, the trial judge granted a temporary injunction upon the application of the Odem Independent School District and issued an order consolidating the original injunction suit filed by Odem Independent School District (Cause No. 7029) with the quo warranto action which had been docketed as Cause No. 7031.

The petition in the injunction suit and the information in the quo warranto action described the same territory, and the controlling question presented by the pleadings of the respective parties in both cases was that of the validity of the order of the Live Oak County Board of Trustees, dated May 5, 1947, whereby the disputed territory was purportedly detached from the Mathis District and annexed to the Odem District.

After a trial of the consolidated cases to the court without a jury, the question above stated was resolved in favor of the Odem District and the validity of the order of May 5, 1947. The final decree, rendered on or prior to December 14, 1948, provided that:

"It is further ordered, adjudged, and decreed that the State of Texas and the relators Mathis Independent School District and Malcolm A. Maedgen take nothing by their suit filed in the nature of a quo warranto proceeding, and that Odem Independent School District, and the defend-

---

Civil Appeals within twenty days after the final judgment or order overruling motion for new trial," which we take to mean twenty days after rendition of final judgment, etc. Rule 386, which is the rule applicable to most appeals, requires, in the absence of a motion for extension of time, that "the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial."

It is recommended in Rule 306a that the date of the signing of a decree or order reduced to writing be shown therein, in order that confusion as to the date of the rendition of a judgment or order may be obviated. The word *"entered"* is not synonymous with the word *"signed"* but refers to "the ministerial act by which an enduring evidence of the judicial act is afforded." Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041; Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818. However, under the facts of this case, if we indulge either of two presumptions favorable to appellee, i.e., that the trial court intended to use the word "entered" as meaning "signed," or that the judgment was entered on the same day it was rendered, it nevertheless appears that the transcript was not filed within twenty days after December 14, 1948, as required by Rule 384.

ant in said suit, go hence with its costs without day, for which let execution issue."

The provision of the decree above quoted controls the case as made by the pleadings. By it, the validity of the disputed order of May 5, 1947, is determined and the injunction issued in support of the annexation of the disputed territory to the Odem District is ancillary to the main relief sought in these proceedings, which was a determination of the validity of the disputed annexation. We conclude that this is an attempted appeal "in a quo warranto proceeding," which is governed by the provisions of Rule 384; that the transcript was filed too late, and that appellee's motion to dismiss should be sustained. State ex rel. Crawford et al. v. Wagner, Tex.Civ.App., 203 S.W.2d 795, wr. ref.

Our view above stated is strengthened by the fact that appellants in their pleadings sought to attack the order of the County Board of School Trustees of Live Oak County dated May 5, 1947, upon the grounds that it had been secured by means of fraudulent representations.[2]

Article 2742f, § 1, provides that proceedings to detach territory from one school district and annex it to another shall be based upon a petition of qualified voters and not upon the action of the school district boards involved, although under certain conditions the consent of these boards is required. The "fraud" relied upon by appellants consisted of representations alleged to have been made by a member of the Odem District Board and its attorney to the effect that the majority of the scholastics residing within the disputed territory were attending the Odem schools, and that as said territory lay wholly within San Patricio County, the Live Oak County Board of Trustees had little or no discretion in approving or disapproving the proposed transfer of territory from the Mathis District to the Odem District.

We seriously doubt if allegations relating to representations and surrounding circumstances such as those above detailed can be made the basis of a decree avoiding an order transferring territory from one school district to another, but, assuming such relief could be granted in a proper proceeding, it is clear that quo warranto is the proper remedy as the annexing order would be at most voidable and not void. City of Terrell Wells v. City of San Antonio, Tex.Civ.App., 216 S.W.2d 657, wr. ref.

In Kermit Independent School District v. State ex rel. Wink Independent School District, Tex.Civ.App., 208 S.W.2d 717, 722, the Court said: "In our opinion quo warranto was the proper remedy as against the asserted authority of the Kermit District over the area in controversy." See also, Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231.

In this case the State of Texas and the Mathis School District sought a form of relief obtainable in an action in the nature of quo warranto. They referred to the pleadings filed by them as "an information in the nature of quo warranto." The judgment rendered was one determining the matters raised by the pleadings and appropriate to an action in the nature of quo warranto. The action was clearly "a quo warranto proceeding."

Upon motion of appellee, this appeal is dismissed.

[2] It appears from the pleadings that on June 6, 1947, the Live Oak County Board attempted to rescind the previous order of May 5, 1947, but no attempt was made to comply with the provisions of Article 2742f, § 1, which controls the matter of detaching territory from one school district and annexing it to another. In the absence of a showing of fraud, accident or mistake, justifying such action, the attempted rescission was ineffective. Weinert Independent School District v. Ellis, Tex.Civ.App., 52 S.W.2d 370; 37 Tex.Jur. 901, § 49.