Save Ply R.g. 8



# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 12, 1951

Hon. Dudley Davis          Opinion No. V-1280
District Attorney
123rd Judicial District    Re: Present composition
Center, Texas                  of Joaquin Indepen-
                               dent School District
                               under the submitted
                               facts respecting
                               orders passed by the
                               County School Trus-
                               tees of Shelby Coun-
Dear Sir:                      ty.

        We quote from your recent letter in part
as follows:

        "The County School Trustees of Shelby
    County on October 1, 1949, passed an order
    by which said trustees undertook to form a
    county line rural high school district by
    annexing Jackson Common School District
    No. 77 and Fellowship Consolidated Common
    School District No. 72 of Shelby County,
    Texas, and Eagle Mill County Line Common
    School District No. 36 of Shelby and Pan-
    ola Counties, Texas, to Joaquin Indepen-
    dent School District No. 38 of Shelby
    County, Texas, and to name the district
    which they thus undertook to create "Cen-
    tral Consolidated Rural High School Dis-
    trict No. 36 of Shelby County, Texas".
    Said Board also appointed trustees for
    the district. The validity of this order
    has been subject to litigation. The Sup-
    reme Court by its majority opinion written
    by Justice Calvert and rendered on April
    18, 1951, held that said order was void
    and those appointed trustees of said dis-
    trict by said order are acting as such
    without legal authority. State ex rel.
    Childress v. School Trustees of Shelby
    County, 239 S.W. 2d 777 (Tex. Supp. 1951).
    Motion for rehearing was denied on June
    13, 1951.

"On April 25, 1951, after the majority opinion in this case was announced on April 18, 1951, the County School Trustees of Shelby County passed an order annexing Fellowship Consolidated Common School District No. 72 and Jackson Common School District No. 77 to the Joaquin Independent School District No. 38 under Article 2922a, V.C.S., and enlarged Joaquin Independent School District under said statute and in accordance with the majority opinion of the case cited above.

"The Legislature passed House Bill 814 which became effective on June 28, 1951, validating such school districts. Our case was not in litigation on June 28th, the effective date of the Act, since our request for rehearing was denied on June 13, 1951. Thereafter, on July 9, 1951, the County School Trustees passed an order by which they attempted to set aside and rescind their prior order of annexation of said districts dated April 25, 1951.

"Please advise at the earliest possible date your opinion as to the following questions, to-wit:

"1. Did the County School Trustees of Shelby County have legal authority to rescind the order of annexation of said districts by its order dated July 9, 1951?

"2. Is the Joaquin Independent School District now an enlarged independent school district composed of the original Joaquin School District, Fellowship Consolidated Common School District and Jackson Common School District?"

The county school board order, dated October 1, 1949, purported to annex the Jackson, the Fellowship, and the Eagle Mills Common School Districts to the Joaquin Independent School District and to declare such composition a rural high school district. That

order was held void in State ex rel. Childress v. School Trustees of Shelby County, 239 S.W. 2d 777 (Tex. Sup. April 18, 1951). As a result of the invalidity of that order, the status of the four named districts was that of distinct, separate school district entities, as if the order of October 1, 1949, had never been passed.

However, on April 25, 1951, which was about one week after the Supreme Court decided the Shelby County case, supra, the county school board passed a second order involving three of the named districts. You state that the county board, acting under the annexation provisions of Article 2922a, V.C.S., attempted in its April 25 order to act in conformity with Article 2922a as construed in the Shelby County case. That order annexes the Jackson and the Fellowship Common School Districts to the Joaquin Independent School District and declares the resultant composition as creating an enlarged Joaquin Independent School District.

The annexation portion of Article 2922a, V.C.S., reads as follows:

" . . . provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred fifty (250) scholastic population to a common school district having four hundred (400) or more scholastic population, or to an independent district having two hundred fifty (250) or more scholastic population."

Article 2922b, V.C.S., provides in part:

" . . . provided that all independent school districts enlarged by the annexation thereto of one or more common school districts, as provided for in Article 2922a shall retain its status and name as an independent school district, and shall continue to operate as an independent school district under the provisions of the existing laws and the laws hereafter enacted governing other independent school districts, except as otherwise provided herein."

The Supreme Court records reflect that motion for rehearing in the Shelby County case, supra, was denied June 13, 1951, that no subsequent motion was submitted, and that mandate has been issued and sent to the trial court. Thus, the status of the school districts involved in that case were not in litigation therein on June 28, 1951, the effective date of the school validation Act, House Bill 814, Acts 52nd Leg., 1951, ch. 504, p. 1488.

House Bill 814, supra, provides in part as follows:

"Section 1. All school districts, including any . . . independent school districts . . . and all other school districts, or parts of districts, whether established, organized, and/or created by vote of the people residing in such districts, . . . or by action of the county school boards, . . . and heretofore recognized by either State or county authorities as school districts, are hereby validated in all respects as though they had been duly and legally established in the first instance.

"All acts of the county boards of trustees of any and all counties in . . . annexing . . . any and all such school districts, or increasing or decreasing the area thereof, . . . or in creating new districts out of parts of existing districts or otherwise . . . are hereby in all things validated. . . .

"Sec. 3. This law shall not apply to any district which is now involved in litigation in any district court of this State, the Court of Civil Appeals, or the Supreme Court of Texas, in which litigation the validity of the organization or creation of such district or the consolidation or annexation of territory in or to such district is attacked. . . Provided further, that this Act shall not apply to any district which has heretofore been declared invalid by a court of competent jurisdiction of the State

or which may have been established and
which was later returned to its original
status. . . ."

The so-called Central Consolidated Rural
High School District No. 36 of Shelby County, pur-
ported to be created by the aforementioned order
dated October 1, 1949, of course, was not validated
by House Bill 814, supra. Section 3 excepts from
its provisions any district heretofore declared in-
valid by a Texas court of competent jurisdiction.
But the Joaquin Independent School District as en-
larged by the county school board order dated April
25, 1951, does come within and was validated under
the provisions of House Bill 814. We are not ap-
prised that the status of the district enlarged by
the order of April 25 was in litigation prior to
June 28, 1951, the effective date of that bill, and
we assume it was not.

Therefore, unless the county school board
order dated July 9, 1951, can be given the legal
effect of rescinding the annexation order of April
25, thereby restoring the three involved districts
to their former status, it follows that the Joaquin
Independent School District as enlarged by the order
of April 25 and composing the area of the former
Jackson and Fellowship common districts and the Joa-
quin independent district exists as an enlarged in-
dependent school district validated by House Bill
814, supra. The question becomes: Does authority
lie in a county school board to rescind its former
order creating a valid enlarged school district
under the annexation provisions of Article 2922a,
supra, or validated by subsequent legislation?

A county school board is a creature of
statute. Art. 2676, V.C.S. It is elementary that
it has only such powers concerning the changing of
school districts or boundaries as have been expres-
sly granted by statute or which may necessarily be
implied therefrom. While Article 2922a does em-
power a county school board to enlarge an indepen-
dent or common school district to the extent there-
in prescribed, neither that statute nor any other
law of which we are apprised authorizes such board
to diminish or change an enlarged district by re-
scission of its prior order creating the enlarged
district.

Article 2922a specifically authorizes a county board to abolish a rural high school district created thereunder upon presentation of a petition signed by the majority of the voters of each elementary district composing the rural high school district. But no similar authority is granted therein to abolish an enlarged school district. An express grant of such power concerning rural high school districts would preclude, we think an inference of such power in the board concerning enlarged districts.

Article 2767,V.C.S., authorizes the abolishment of certain independent school districts, but this may be accomplished only through a county judge acting on a proper petition requesting an election in the district wherein qualified voters of the district may vote on the abolition proposition. Article 2742f, Section 1, V.C.S., authorizes a county school board to detach area from one district and attach it to another contiguous district. But again this authority is predicated upon the initiation of a petition prescribed in that law, the presentation of which vests jurisdiction in the county board to act.

The closest Texas case found in which is questioned the authority of a county school board to affect changes in the status of school districts or their boundaries by rescission order is Weinert Independent School District. v. Ellis, 52 S.W. 2d 370 (Tex. Civ. App. 1932). In that case a petition was presented to the Haskell County School Board praying that a portion of Pleasant Valley Common School District be detached therefrom and attached to the Weinert Independent School District. On April 11, 1931, the county board passed the order prayed for. Thereafter, the said board rescinded the order entered, the rescinding order providing that the boundaries of both the independent and common school districts remain as they were prior to April 11, 1931. The court held that the county school trustees had no authority to rescind their former action after adjournment of the session at which the action was taken, and quoted in support thereof from Corpus Juris, Vol. 56, p. 239, as follows:

"After an order creating or altering a school district or other local school organization has become final and effective it cannot be rescinded, except by following the procedure prescribed by

statute for dissolving or altering dis-
tricts, and subject to any restrictions
thereby imposed."

See also Kermit Independent School District
v. State, 208 S.W. 2d 717 (Tex. Civ. App. 1948); Mathis
Independent School District v. Odem Independent School
District, 222 S.W. 2d 270 (Tex. Civ. App. 1949); Att'y
Gen. Op. V-877 (1949), and O-3445 (1941).

Accordingly, we are of the opinion that the
county school board of Shelby County did not have au-
thority to rescind its order of annexation of April
25, 1951, by its subsequent order dated July 9, 1951.
The rescinding order of July 9, 1951, is invalid in
that it in no way complies with the school laws rel-
ative to changing the boundaries or composition of
school districts.

## SUMMARY

The Joaquin Independependent School
District of Shelby County as enlarged by
the annexation order of the county school
board dated April 25, 1951, acting under
Article 2922a, V.C.S., is now an enlarged
independent school district composed of
the area of the former Joaquin Independent
School District, the former Fellowship
Consolidated Common School District, and
the former Jackson Common School District.
House Bill 814, Acts 52nd Leg., 1951, ch.
504, p. 1488; State ex rel. Childress v.
School Trustees of Shelby County, 239 S.W.
2d 777 (Tex. Sup. 1951).

The county school board order dated
July 9, 1951, attempting to rescind its
annexation order of April 25, 1951, is
invalid and of no effect because it in
no way complies with the school laws
relative to changing the boundaries or
composition of Texas school districts.
Weinert Independent School District v.
Ellis, 52 S.W. 2d 370 (Tex. Civ. App.
1932); Kermit Independent School District
No. 5 v. State, 208 S.W. 2d 717 (Tex. Civ.
App. 1948); Mathis Independent School
District v. Odem Ind. School District, 222

S.W. 2d (270 Tex. Civ. App. 1949);
Att'y Gen. Ops. V-877 (1949) and
O-3445 (1941).

APPROVED:                              Yours very truly,

J. C. Davis, Jr.                          PRICE DANIEL
County Affairs Division                Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

                                       By
Everett Hutchinson                     Chester E. Ollison
Executive Assistant                            Assistant

CEO:awo