### SOUTH TAYLOR COUNTY INDEPENDENT SCHOOL DIST. v. WINTERS INDEPENDENT SCHOOL DIST. et al.

#### No. 10032.

Court of Civil Appeals of Texas. Austin.

Jan. 30, 1952.

Rehearing Denied Feb. 6, 1952.

Gaynor Kendall, Austin, for appellant.

Price Daniel, Atty. Gen., Burnell Waldrep and Chester E. Ollison, Assts. for appellees, State Commissioner of Education and State Board of Education.

J. C. Hinsley, Austin, for appellees Independent School Dist., County Board of School Trustees of Runnels County, and Alton Roberts.

GRAY, Justice.

Appellant, South Taylor County Independent School District, has appealed from a judgment of the district court denying it any relief in its action against Winters Independent School District and others, all of whom are aligned together as appellees for the purposes of this appeal.

The facts pertinent here are: Appellant is an independent school district situated in Taylor County, Texas. Winters Independent School District is a county line independent school district situated partly in Taylor County and partly in Runnels County, Texas. On September 30, 1950, a petition, signed by a majority of the qualified voters residing within the area described in said petition, was filed with the County Board of School Trustees of Taylor County praying that the territory therein described be detached from South Taylor County Independent School District and that it be annexed to the Winters Independent School District. Action on the petition was deferred to October 7, 1950, and at that time the board had a hearing on the petition and, after a consideration thereof, ordered that it be set down for hearing on October 28, 1950. Thereafter, at a special session held on October 23, 1950, the board passed an order detaching the territory from the South Taylor County Independent School District and ordering that it be annexed to the Winters Independent School District. On October 28, 1950, at its regular meeting, the board heard a motion by one of its members to rescind the order of October 23rd. This motion carried and the board declared the order of October 23rd rescinded.

The signers of the petition (or some of them) procured a transcript of the proceedings had by the Board of School Trustees of Taylor County on October 23rd. (It it not made to appear when this transcript was so procured.) On November 1, 1950, this transcript was filed with the Board of School Trustees of Runnels County, and on that date that board entered its order detaching the territory from the South Taylor County Independent School District and annexing it to the Winters Independent School District. This order was entered without notice of the order of October 28, 1950, rescinding the order of October 23rd.

The Winters Independent School District now asserts jurisdiction over the territory described in the above mentioned petition and orders.

Appellant appealed to the Commissioner of Education and, from his adverse decision, to the Board of Education, and filed this suit to set aside the order of the State Board of Education and to have the territory described in the above petition and orders declared to be within and a part of the South Taylor County Independent School District.

Appellant here presents one point, which is: "The judgment of the District Court should be reversed, and judgment here rendered for Appellant, because the County Board of School Trustees of Taylor County had the power on October 28, 1950, to reverse and rescind its prior action assenting to transfer of the territory in controversy, since at said date, the County Board of School Trustees of Runnels County had not concurred in the proposed transfer, and therefore the matter had not been closed by final action."

Article 2687, Vernon's Ann.Civ.Stat., provides that the county board of school trustees shall meet once each quarter (or oftener depending on the population of the county) and at other times when called by the president of the board, or by two members thereof and the county superintendent.

█ The statute has not fixed the length of any meeting of the board therein provided for, for which reason it seems clear the board itself may determine the duration of its meeting, may recess from day to day or to some future day as to the board may seem proper. During such meetings and until final adjournment it has authority to rescind its orders entered at that meeting. 37 Tex.Jur. p. 931, § 62.

█ It is not here asserted that the Taylor County Board met and recessed from day to day and that therefore the orders under consideration here were passed at one and the same meeting of the board, but these orders are treated as though the board met on the several days, transacted the business then before it and finally adjourned. Under the latter conditions, it is the general rule that the board has no authority, at a subsequent meeting, to rescind its order passed at a prior meeting detaching territory from one school district and annexing it to another except by following the procedure prescribed by

statute, Art. 2742f, Vernon's Ann.Civ.Stat., for detaching territory from one district and annexing it to another. Weinert Independent School Dist. v. Ellis, Tex.Civ. App., 52 S.W.2d 370; Kermit Ind. School Dist. v. State ex rel. Wink Ind. School Dist. No. 1, Tex.Civ.App., 208 S.W.2d 717; Mathis Ind. School Dist. v. Odem Ind. School Dist., Tex.Civ.App., 222 S.W.2d 270.

Appellant says the order of October 23rd had not become a final and effective order on October 28th since the territory was not then detached from the South Taylor County Independent School District and annexed to the Winters Independent School District because the Runnels County Board of School Trustees had not at that time entered its order so detaching and annexing the territory for which reason the order of October 23rd was conditioned and therefore within the rule announced in North Zulch Ind. School Dist. v. Willow Hole Ind. School Dist., Tex.Civ.App., 106 S.W.2d 1095, 1096. In that case the facts are: A petition was filed with the county board of school trustees of Madison County praying that territory be detached from the Willow Hole Independent School District and annexed to the Zulch Independent School District. The board passed its order so detaching and annexing the territory "provided the people of North Zulch have an election and vote bonds sufficient to pay the territory detached pro rata part of the present Willowhole bond indebtedness. If the bond issue fails to carry the territory remains a part of the Willowhole Independent School District."

The North Zulch School Board agreed to accept the transfer of territory, but did not hold an election to vote bonds though the Madison County Board, by its order, directed it to do so. Approximately ten months after its first order, the Madison County Board passed its order rescinding its prior order detaching and annexing the territory. In deciding the dispute between the two districts over the territory involved, the Court said: "The language of the order of the county school board for the transfer of territory in this instance shows clearly that the order was conditional and that it was to become effective only in the event of a proper adjustment of the bonded indebtedness of the territory in question, and that in the event of a failure in this respect, the territory in question should remain a part of the old district. It is not contended that the conditions of the order were met and as a consequence the order of transfer never became effective and the territory in question remained a part of the Willow Hole Independent School District."

There is no condition written into the order before us, and if it is to be construed as a conditional order it is because of the provisions of the statute, Art. 2742f, supra. By the terms of that statute, before the order is effective to finally detach and annex the territory the order must be approved by the board (or boards) of trustees of the accepting district. It is our opinion, however, that this condition, or option of the accepting board to approve or disapprove the order, cannot be extended to the board first passing an order detaching territory from one district and annexing it to another. If the conditions of the statute be construed as a part of the original order, the order itself, when passed, of necessity extends an invitation to the accepting board, or boards, to accept the territory. It does not affirmatively appear whether the administration of the Winters District was with the Taylor County Board or with the Runnels County Board, but it is certain that the order of either board alone would not transfer the territory. The Runnels County Board had no jurisdiction over territory included in the South Taylor County District except the jurisdiction to accept or reject territory tendered by a valid order of the Taylor County Board. The mere fact that by statute the order required action by boards other than the Taylor County Board before the transfer of the territory would be finally completed is not such a condition as would retain its jurisdiction over the petition and authorize it at a subsequent meeting to rescind its prior order. The jurisdiction of the Runnels County Board attached when the transcript of the proceed-

ings was filed with it and the order of October 28th was invalid and without effect.

We, therefore, conclude that the general rule announced, supra, is applicable to the facts before us, and the judgment of the trial court is affirmed.

Affirmed.