SOUTH TAYLOR COUNTY INDEPENDENT SCHOOL DISTRICT V. WINTERS INDEPENDENT SCHOOL DISTRICT ET AL.

No. A-3564. Decided June 11, 1952.
Rehearing overruled July 16, 1952.
(249 S. W., 2d Series, 1010.)

*Gaynor Kendall,* of Austin, for Petitioner.

The Court of Civil Appeals erred in holding that the order by the County Board of School Trustees of Taylor County adopted on October 28, 1950, whereby they rescinded their former action of October 23, 1950, was invalid and without effect, since said Board had the power to reverse and rescind its former action assenting to the transfer of the territory in question before the County Board of Trustees of Runnels County had concurred in the proposed transfer, and therefore the matter had not been closed by final action at the time of the recission. Trustees on Cranfills Gap. v. Board of County Trustees of Bosque County, 178 S.W. 2d 537; San Antonio Ind. Sch. Dist. v. State Board of Education, 108 S.W. 2d 445; Wright v. Dunn, 73 Texas 293.

*Price Daniel,* Attorney General, *Burnell Waldrep* and *Chester E. Ollison,* assistants to the Attorney General, for the State

Commission of Education and the State Board of Education, and *J. C. Hinsley,* of Austin, for Winters Ind. Sch.Dist., the County Board of School Trustees of Runnels County and Alton Roberts, respondents.

To sustain the theory that the Court of Civil Appeals was correct in its holdings that The Trustees of the Taylor County School could not rescind their former action respondents cite Prosper Ind. Sch. Dist. v. County School Trustees, 58 S.W. 2d. 5; Wichita Common School Dist. v. Dickens Ind. Sch. Dist., 206 S.W. 2d 885; Eaton v. Husted, 141 Texas 349, 172 S.W. 2d 493.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit involves the power of the County Board of School Trustees of Taylor County, Texas, to reverse and rescind on October 28, 1950, its previous action on October 23, 1950, consenting to the transfer of certain territory belonging to the South Taylor County Independent School District to the Winters Independent School District, before the County Board of School Trustees of Runnels County, Texas, had concurred in the prior action of the County Board of School Trustees of Taylor County, Texas.

South Taylor County Independent School District filed this suit against Winters Independent School District et al. to set aside an order of the State Board of Education declaring that certain territory in Taylor County was within the jurisdiction of Winters Independent School District. The trial court rendered judgment for respondents, and the Court of Civil Appeals affirmed that judgment. 245 S. W. 2d 526.

The application for writ of error is based upon one Point of Error, which reads as follows:

"The County Board of School Trustees of Taylor County had the power on October 28, 1950, to reverse and rescind its earlier action assenting to transfer of the territory in controversy, since at said date the County Board of School Trustees of Runnels County had not concurred in the proposed transfer, and therefore the matter had not been closed by final action.

"The Court of Civil Appeals consequently erred in holding that the order adopted October 28, 1950, by the County Board of School Trustees of Taylor County, Texas, was invalid and without effect."

The material facts were stipulated, and they are substantially as follows:

Petitioner is an independent school district situated in Taylor County, Texas. Respondent Winters Independent School District is a county-line independent school district, situated partly in Runnels County and partly in Taylor County, Texas.

On or about September 30, 1950, there was filed with the County Board of School Trustees of Taylor County, Texas, a petition signed by Alton Roberts and others, constituting a majority of the qualified voters resident in the area described in the petition, praying for detachment of the described territory from and out of petitioner school district, and for annexation of said territory to the Winters Independent School District.

On October 7, 1950, the County Board of School Trustees of Taylor County, Texas, met in special session, and after a hearing on the petition ordered that the matter be set for further consideration at its next meeting, to be held on October 28, 1950. Thereafter, without notice to petitioner or its officers, and without their knowledge or attendance, the County Board of School Trustees of Taylor County, Texas, met in special session on October 23, 1950, and adopted an order providing that the territory in controversy be detached from petitioner school district and that it be annexed to Winters Independent School District.

On October 28, 1950, at the regular meeting, the County Board of School Trustees of Taylor County, Texas, adopted and passed a motion or order to rescind its action and order of October 23, 1950, pertaining to the detachment of the area in controversy. It has not, since October 28, 1950, adopted or passed any other orders, motions, or resolutions relative to the detachment or annexation of said territory.

A transcript of the order adopted by the County Board of School Trustees of Taylor County, Texas, on October 23, 1950, and of the petition on which it was based, was obtained by some of the proponents of the transfer, and filed with the County Board of School Trustees of Runnels County, Texas, on November 1, 1950. Thereupon the County Board of School Trustees of Runnels County, Texas, without notice to the trustees of petitioner district, and without a hearing, on November 1, 1950, adopted an order providing that the territory in controversy be detached from petitioner district and ordering that the area be annexed to Winters Independent School District. Thereupon

Winters Independent School District asserted jurisdiction over the territory in controversy.

The power of county boards of school trustees to transfer territory from or to a county-line independent school district emanates from Article 2742-f, Vernon's Annotated Civil Statutes. (Chap. 47, Acts 1st C. S. 41st Leg., as amended Chap. 140, Acts Reg. Sess. 42nd Leg.)

Petitioner concedes that if the action of the County Board of School Trustees of Taylor County, Texas, in transferring the territory to Winters Independent School District was complete and final, and in compliance with Article 2742-f, the decisions of the courts sustain the transfer of the territory to the Winters Independent School District. Weinert Ind. School District v. Ellis, Tex. Civ. App., 52 S. W. 2d 370; Kermit Ind. School District v. State ex rel. Wink Ind. School District No. 1, Texas Civ. App. 208 S.W. 717; Mathis Ind. Sch. Dist. v. Odem Ind. School District, Tex. Civ. App., 222 S. W. 2d 270. Petitioner, however, contends that the proceedings here involved had not been completed, and the transfer of the territory had not been effected so that it had become a part of Winters Independent School District, before the County Board of Trustees of Taylor County, Texas, rescinded its order. In other words, it is contended that the proceedings in the present instance were incomplete and not final, and the territory in controversy was still a part of the South Taylor County Independent School District when the County Board of School Trustees of Taylor County, Texas, rescinded its previous order; and that by thus withdrawing its consent to the proposed transfer in the incomplete proceedings, the County Board of School Trustees of Taylor County, Texas, in the exercise of its power prevented the transfer of the territory.

It is undisputed that the action of the County Board of School Trustees of Taylor County, Texas, on October 23, 1950, at a *special session* was rescinded by that Board at a *regular meeting* on October 28, 1950, before the County School Board of Trustees of Runnels County, Texas, acted on such matter on November 1, 1950; and unquestionably the territory remained part of the South Taylor County Independent School District.

1  The rule is generally accepted that officers of a board or of a department have the power to rescind an action of theirs on a matter that has not become final. Any other rule would deprive such officers of the power to modify or rescind an order once made, no matter how erroneous or unwise it might be.

2 Article 2742-f was enacted to furnish school districts a method for revising and reforming their boundary lines, to meet the convenience and serve the best interests of the people residing in such school districts. It is quite plain that it was not the intention of the Legislature to fix an inflexible and impracticable rule, so that school districts could not correct any error that might be made in the planning and consideration of changes to be made relating to the boundary lines of such school districts. The law should not be given a construction that would thwart the purposes for which such law was enacted.

The facts being undisputed, this Court holds that the County Board of School Trustees of Taylor County, Texas, had the right to rescind its action before same was acted upon by the County Board of School Trustees of Runnels County, Texas, and the trial court and the Court of Civil Appeals erred in holding to the contrary. The judgments of the trial court and the Court of Civil Appeals are reversed, and judgment is rendered in favor of petitioner.

Associate Justice Griffin not sitting.

Opinion delivered June 11, 1952.

Rehearing overruled July 16, 1952.