

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 10, 1961

Honorable Albert Hutson
County Attorney
Trinity County
Groveton, Texas

Opinion No. WW-1161

Re: Whether the County School Boards
of Trinity and Walker Counties,
under the provisions of Article
2742f, Section 1, have the au-
thority to detach territory sit-
uated wholly in Walker County
from an independent school dis-
trict wholly in Walker County
and attach such territory to
another independent school dis-
trict situated in both counties.

Dear Mr. Hutson:

Your letter of September 19, 1961, submits the follow-
ing inquiry:

"Under the provisions of Article 2742F, Sec-
tion 1, Revised Civil Statutes of Texas, do the
County School Boards of Trinity and Walker Counties
have the power to detach territory situated wholly
in Walker County from an independent school district
situated wholly in Walker County and attach such
territory to another independent school district
situated partly in Walker County and partly in
Trinity County, provided the other requirements
of such statute are complied with?"

The power of county boards of school trustees to trans-
fer territory from or to a county-line independent school district
emanates from Section 1, Article 2742f, Vernon's Civil Statutes,
which reads as follows:

"Section 1. In each county of this state the
County Board of Trustees shall have the authority,
when duly petitioned as herein provided, to detach
from and annex to any school district territory
contiguous to the common boundary line of the two
districts; provided the Board of Trustees of the
district to which the annexation is to be made ap-
proves, by majority vote, the proposed transfer of
territory and provided, further, that where the
territory to be detached exceeds ten per cent (10%)

of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees, provided that no school district shall be reduced to an area of less than nine square miles."

First, as you note in your letter, the exercise of this power conferred by the statute must be in strict compliance with the mandatory provisions of the statute or it will be void. Wortham Independent School District v. State ex rel. Fairfield Consolidated Independent School District, 244 S.W. 2d 838 (Civ.App. 1951, err. ref. n.r.e.). Assuming strict compliance is achieved, your inquiry relates to whether the county school boards in question can detach territory situated within a single county from an independent school district wholly within that county and attach it to a so-called "county-line" independent school district.

We are of the opinion that your question should be answered in the affirmative as such action has in effect been upheld by the Supreme Court in the case of South Taylor County Independent School District v. Winters Independent School District, et al, 151 Tex. 330, 249 S.W.2d 1010 (1952). The Supreme Court, speaking through Justice Sharp, said in part:

"Petitioner concedes that if the action of the County Board of School Trustees of Taylor County, Texas, in transferring the territory to Winters Independent School District was complete and final, and in compliance with Article 2742f, the decisions of the Court sustain the transfer of the territory to the Winters Independent School District." (Citing Weinert Indep. School Dist. v. Ellis, 52 S.W.2d 370 (Civ.App. 1932), Mathis Independent School District v. Odem Independent School District, 222 S.W. 2d 270 (Civ.App. 1949).

Further, in the case of Dibrell Waldrip, et al v. County Board of School Trustees of Guadalupe County, et al, 307 S.W.2d 158, err. ref. (Civ.App. 1957), substantially the same problem as you present was before the Court, which in upholding the action, said in part:

"A majority of the resident voters of the Staples Area petitioned the County Board of School Trustees of Guadalupe County for such detachment and annexation, under the provisions of Art. 2742f, Sec. 1, Vernon's Ann.Civ.Stats. After a hearing, said County Board granted such petition and entered its order detaching the area from the Seguin District and attaching it to San Marcos District. This order was authorized by the above statute and was legal in every way. . . ."

Therefore, you are advised that the County School Boards of Trinity and Walker Counties would have the power to detach territory situated wholly in Walker County from an independent school district and attach such territory to another independent school district situated partly in Walker County and partly in Trinity County, provided the other statutory requirements are complied with.

### S U M M A R Y

County School Boards have the power to detach territory situated wholly in one county from an independent school district situated wholly in that county, and attach such territory to an independent school district located partly in both counties provided all other requirements of Section 1, Article 2742f, V.C.S., are strictly complied with.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Eugene B. Smith
Assistant

Honorable Albert Hutson, page 4 (WW-1161)

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
W. Ray Scruggs
Bob Shannon
Elmer McVey
John C. Steinberger

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.