**BARNHART INDEPENDENT SCHOOL DISTRICT et al., Appellants,**

v.

**MERTZON INDEPENDENT SCHOOL DISTRICT et al., Appellees.**

No. 11792.

Court of Civil Appeals of Texas, Austin.

Feb. 10, 1971.

Rehearing Denied March 3, 1971.

C. H. Gilmer, Rocksprings, for appellants.

Logan, Steib, Lewis & Middlebrook, Curt F. Steib, San Angelo, for appellees.

PHILLIPS, Chief Justice.

This case was brought by the First State Bank of Rankin against Mertzon Independent School District. Irion County Independent School District and Barnhart Independent School District, all located in Irion County, Texas, to ascertain which school district is entitled to the funds held by the bank as depository of the Barnhart Independent School District.

The Mertzon Independent School District alleged that it was entitled to receive the funds because the Barnhart Independent School District had been annexed to the Mertzon Independent School District and renamed Irion County Independent School District by action of the County Board of School Trustees in a meeting held on the 11th–13th day of August, 1969.

Barnhart Independent School District answered and alleged that it had presented a petition to the County Judge asking that the Barnhart District be consolidated with the Reagan District and that the latter proceeding preempted the question from the jurisdiction of the Mertzon Board.

After a hearing on the merits, the trial court ruled that the order of the County School Trustees of Irion County annexing the Barnhart Independent School District to the Mertzon Independent School District and renaming the district Irion County Independent School District was a valid order. The First State Bank of Rankin was directed to deliver the funds held by it to the Irion County Independent School District. It is from this judgment that Barnhart Independent School District and J. B. Westfall, a member of the Board of County School Trustees of Irion County, Texas have perfected this appeal.

We affirm the judgment of the trial court.

Appellants are before us with five points of error, the first being that of the trial court in holding that the Special Meeting of the Board of County School Trustees of Irion County held August 11th–13th, was without authority of law and without effect because such meeting was not called by the President of such Board, Street Whitley, as required by Vernon's Ann. Tex.Rev.Civ.Stat. then Article 2687, and because a member of said Board, Street Whitley, was not notified of a recess of such purported meeting of said Board from August 11, 1969, to August 13, 1969, at 3 o'clock P.M., did not attend and was, therefore, given no opportunity to participate in the discussion and purported action of such Board.

We overrule this point.

The evidence discloses that the question of merging the two districts had been under discussion for some time. Several days before the questioned meeting on the 11th, the County Judge of Irion County went out to the Whitley ranch and discussed the problem with Street Whitley in the latter's capacity as President of the County School Board. Whitley decided that a meeting of the Board should be held and authorized the County Judge to return and notify the school trustees of the proposed meeting. Due to the fact that one

of the trustees received his mail through San Angelo, notices were mailed out three or four days prior to the proposed meeting so that there would be time for these notices to be delivered to all of the trustees. All of the trustees were apprised of the meeting and all were in attendance with the exception of Whitley, the President of the Board, who had had a heart attack the day before the meeting and was in a hospital in San Angelo at that time. The purpose of the meeting was to discuss the proposed merger. A meeting was held on the 11th. The minutes of the Board reveal that a long discussion was had over how to solve the problem of the Barnhart School and that annexation was apparently the answer. At this point one of the trustees, Mr. Westfall from Barnhart, requested a continuation of the meeting so that he could check with his Barnhart constituents before any further action was taken and the meeting was continued until August 13.

On the morning of August 13, while the meeting of the Mertzon Board was in recess, the President of the Barnhart Independent School District presented the County Judge with a Petition to Consolidate the Barnhart Independent School District with the Reagan County Independent School District. The County Judge refused to consider the petition because, as the Judge testified: "* * * we were still in session on the other. I told him as soon as this other piece of business was tended to, if we didn't annex it, why then I would consider his petition."

Appellant's position here is that Article 2687, by specific and mandatory language states "The County School Trustees *shall* hold meetings once each quarter on the first Monday in August, February, May and November;" (Emphasis added) and at other times when called by the President of the County School Trustees or at the instance of any (2) members of the County School Trustees and the County Superintendent; and that President Whitley did not call the meeting by giving notice to the other members of the Board as provided by

the first method, nor was a special meeting called at the instance of any two members of the County School Trustees and the County Superintendent as provided by the second method set out in the statute.

■ We do not agree with this contention. Nowhere in the statute is there a provision requiring the attendance of the President of the County School Trustees at any special meeting. In any event, the President, Street Whitley, testified by way of deposition that he called the meeting. The method of calling meetings as prescribed by Article 2687 is not mandatory, provided notices are given to all members and no objection is lodged. District Trustees of Campbellton Consolidated Common School District No. 16 v. Pleasanton Independent School District, 362 S.W.2d 122 (Tex.Civ.App.1962, error ref. n. r. e.). In the case at bar, all members received notice of the meeting and all except the President (who was in the hospital but who had called the meeting) were in attendance. No protest was raised by any member as to the manner in which the meeting was called. Therefore, notice was given such as would comply with Article 2687.

The only case cited by Appellants which relate to school districts is Palmer, et al. v. District Trustees of District No. 21, in Upshur County, 289 S.W.2d 344 (Tex.Civ. App.1956, error ref. n. r. e.) where the Board's action was held to be void where one of the school trustees received no notice. This was not the case here.

■ Nor is the contention of Appellants correct that even if the meeting of the Board of Trustees of Irion County held on August 11, 1969 was valid, the continuance from August 11 to August 13 was invalid because Street Whitley was not given notice of such action. Article 2687, V.A.C.S. states the procedure for meetings; however, it does not specify the duration of the meetings. Such duration is left to the discretion of the trustees. Thus the meeting of August 13, was a continuation of the meeting properly called and begun on

August 11, 1969, and the absence of notice to Street Whitley of the continuance was not necessary. South Taylor County Independent School District v. Winters Independent School District, 245 S.W.2d 526 (Tex.Civ.App.1952, reversed on other grounds), 151 Tex. 330, 249 S.W.2d 1010 (1952); Weinert Independent School District v. Ellis, 52 S.W.2d 370 (Tex.Civ.App. 1932, no writ). The same subject matter, that is, the question of annexation, was taken up on August 13. Therefore there was no reason to give additional notices where the same subject matter was still under consideration and was the thing acted upon.

Appellants' second point of error is that of the court in failing to hold the purported order of annexation alleged to have been made by Board of County School Trustees of Irion County at 3 o'clock P.M., August 13, 1969 was without effect for the reason that exclusive jurisdiction over the subject matter of the Order had theretofore been acquired by County Judge and County Superintendent Ex-Officio of Irion County, Reginald Atkinson, when a proper petition for consolidation of the Barnhart Independent School District and the Reagan County Independent School District was presented to Judge Atkinson at his office in Mertzon, County seat of Irion County, by E. C. Tarvin, President of the Board of Trustees of Barnhart Independent School District at about 8:30 A.M., August 13, 1969 and not later than 10 o'clock A.M. on such date.

We overrule this point.

■ Appellants contend here that the petition presented to Judge Atkinson on August 13, 1969, deprived the Board of School Trustees of Irion County of any further power to consider the question of annexation. This contention is not correct inasmuch as jurisdiction over the subject matter had been preempted by the School Trustees of Irion County at its August 11th meeting and was retained by them until the matter was settled on August 13,

1969. Mount Enterprise Independent School District v. Colley, 424 S.W.2d 650 (Tex.Civ.App.1968, no writ). London Independent School District v. Thomerson, 223 S.W.2d 314 (Tex.Civ.App.1949, error dism.), cited by Appellants is distinguished from the case at bar in *Mount Enterprise Independent School District*, cited above.

Appellants' third, fourth and fifth points, briefed together are as follows. For the additional reasons herein enumerated, the purported order of annexation alleged to have been made by Board of County School Trustees of Irion County at 3 o'clock, P.M., August 13, 1969 was not a legal, intelligible or effective act of such Board, was illegal, arbitrary, against the best interest of the patrons, scholastics, citizens and property owners of Barnhart Independent School District, erroneous, ambiguous, conflicting and unconstitutional and should be set aside and held for naught; hearing in San Angelo, Tom Green County, Texas on April 24, 1970 and order of Trial Court to permit introduction of additional testimony "Certificate by J. W. Edgar", were invalid, unlawful, unconstitutional and should be set aside; final judgment is further erroneous and unlawful, in that no provision is made to pay the lawful debts of Barnhart Independent School District, including the teachers' contracts of Carl and Elizabeth Cole in the Barnhart School for the school term 1969–70.

We overrule these points.

■ Appellants contend that the order as entered recites that the Barnhart Independent School District had a scholastic population of seven while the evidence showed a population of thirty eight. Even though this be an error, it does not void the order inasmuch as Art. 2922a provides that an independent school district with less than 250 scholastic population may be annexed by an independent school district with 150 or more scholastic population. Therefore the Board of County School Trustees of Irion County had jurisdiction

to act. Bell v. Kirkland, 41 S.W.2d 443 (Tex.Civ.App.1931, error ref.).

 Nor will discrepancies between the order and minutes void the Board's order. The County Judge testified that the minutes and order were prepared at the meetings, consequently they will be construed together just as statutes in *pari materia.* 53 Tex.Jur.2d 286, Statutes, Sec. 188.

 In considering whether or not the Board's action was arbitrary the substantial evidence rule is applicable. Rock Island Independent School District No. 907 v. County Board of School Trustees of Colorado County, 423 S.W.2d 665 (Tex. Civ.App.1968, error ref. n. r. e.). The Barnhart school had only four teachers, maintained an elementary school only and in September, 1969 had only one student. At the time of the annexation order the students numbered seven. Mertzon has a fully equipped school with a larger student body. Thus there was substantial evidence to uphold the action of the Mertzon Trustees.

 We also hold that the Trial Court had the authority to permit the introduction of additional testimony in the form of a certificate by J. W. Edgar even though the hearing was held in San Angelo and not in the county seat, Mertzon. We hold that this was not in contradiction to Tex. Const. Art. V, Sec. 7 of the Texas Constitution, Vernon's Ann.St.[1] Cases cited by Appellants that this provision of the Constitution requiring that the hearing be held in the county seat is mandatory where decided before the Constitution was amended in 1949 to permit the Legislature to confer greater flexibility on cases pending in districts embracing two or more counties. See Art. 199, V.A.C.S. and Article 1919. Also see Hendricks v. Curry, 401 S.W.2d 796 (Tex.Sup.1966).

 With respect to the teachers' contracts in the Barnhart District, the valid obligations of the Barnhart Independent School District would become the obligations of the Mertzon Independent School District. Rocky Mount Independent School District v. Jackson, 152 S.W.2d 400 (Tex.Civ.App.1941, error ref.).

In view of our position in this case we need not consider Appellees' cross assignments of error.

The judgment of the trial court is affirmed.

Affirmed.

---

1. Isbill v. Stovall, 92 S.W.2d 1067 (Tex. Civ.App.1936, no writ) ; Bridgman v.

Moore, 143 Tex. 250, 183 S.W.2d 705 (1944).