Texas Pac. Indem. v. Texas Workers' Comp. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-95-00732-CV






Texas Pacific Indemnity Company, Appellant



v.



Texas Workers' Compensation Commission;


Dr. Bruce S. Hinkley; and Mary Ortiz, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-00348, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 The opinion and judgment filed herein on August 28, 1996 are withdrawn, and the following
opinion is issued in lieu of the earlier one.

 Appellant Texas Pacific Indemnity Company ("Texas Pacific") filed suit against the Texas
Workers' Compensation Commission (the "Commission"), Dr. Bruce S. Hinkley, and Mary Ortiz,
appellees, seeking (1) judicial review of the Commission's order finding Ortiz's spinal surgery to be
medically necessary; (2) injunctive relief to prevent enforcement of the order; (3) a declaration that the
procedure followed by the Commission in this case violated Texas Pacific's due process rights; and (4) a
declaration that the order and the findings within it are not binding on Texas Pacific. The district court
affirmed the Commission's order, finding that it was valid and supported by substantial evidence. The court
also found that the Commission's order did not violate any of Texas Pacific's rights and denied the request
for injunctive relief. The court did, however, declare that the order would not be binding on Texas Pacific
in a subsequent proceeding if Texas Pacific chose to contest its obligation to pay for Ortiz's spinal surgery. 
Texas Pacific perfected this appeal. We will affirm in part and dismiss in part.


FACTUAL AND PROCEDURAL BACKGROUND


 In 1992, Ortiz allegedly sustained an injury to her back in the course and scope of her
employment with NEC American. At the time of the injury, Texas Pacific was the workers' compensation
carrier for NEC American. Dr. Hinkley, Ortiz's treating physician, examined her injuries and filed with the
Commission a formal recommendation that Ortiz have spinal surgery. Pursuant to statutory procedure,
Texas Pacific elected to have a second opinion regarding the proposed surgery. The physician who gave
the second opinion did not concur that Ortiz required spinal surgery.

 Ortiz then sought medical dispute resolution through the Commission's Medical Review
Division. The Medical Review Division ordered Ortiz to attend a medical examination by a third physician,
who also did not concur in the recommendation that Ortiz undergo spinal surgery. Thereafter, the Medical
Review Division issued a decision finding that extenuating circumstances did not exist to order Texas Pacific
to pay for the spinal surgery.

 As permitted by the Commission's rules, Dr. Hinkley requested a contested-case hearing
to appeal the decision of the Medical Review Division. Texas Pacific did not receive notice of this appeal,
either from the Commission or from Dr. Hinkley. The Commission set the case for a hearing and gave Dr.
Hinkley and Ortiz an opportunity to present evidence and argument. At the hearing, Dr. Hinkley made a
motion to join Texas Pacific as a necessary party. On the basis of the Commission's representation and
argument that any order growing out of the hearing would not be binding on Texas Pacific and would not
preclude Texas Pacific from later contesting its liability to pay for the surgery, the hearing officer denied the
motion.

 After the hearing, the hearing officer issued a decision finding that (1) the proposed surgery
was reasonably required, and (2) extenuating circumstances existed to make the proposed surgery
medically necessary. The written order went on to state, however: "IT IS THEREFORE ORDERED that
Texas Pacific Indemnity Company pay all fair and reasonable medical costs related to Petitioner Ortiz's
spinal surgery."

 After learning of the order, Texas Pacific filed suit in district court for judicial review of the
Commission's order, for injunctive relief to prevent enforcement of the order, and for a declaration that (1)
the Commission's procedure excluding Texas Pacific from the contested-case hearing was unconstitutional,
and (2) the order and its findings of fact and conclusions of law are void and of no legal effect in any
proceeding by Texas Pacific to contest its obligation to pay. The district court affirmed the order, finding
that it was valid and supported by substantial evidence, and denied the request for injunctive relief. The
trial court did, however, include the following declaration in its order:



 IT IS FURTHER ORDERED that Plaintiff [Texas Pacific] is entitled by Tex. Lab.
Code § 408.027(d) to an APA [Administrative Procedure Act] hearing to contest the
medical necessity for spinal surgery on Mary Ortiz as well as the reasonableness of the
charges attendant to that surgery. Nothing in this order, or in the Texas Workers'
Compensation Commission's Order of November 16, 1994, shall be construed or held to
prejudge or prejudice Plaintiff's rights at the APA hearing to be held, nor as to the decision
to be reached, nor as to any decision or opinion of a reviewing court should such decision
be appealed by any party.



Texas Pacific perfected this appeal.



DISCUSSION


 In its first point of error, Texas Pacific asserts that the trial court erred in affirming the
Commission's order, because the Commission failed to notify Texas Pacific of the hearing and failed to give
it an opportunity to present evidence. We disagree.

 The Texas Labor Code provides:



(a) Except in a medical emergency, an insurance carrier is liable for medical costs
related to spinal surgery only if:


 (1) before surgery, the employee obtains from a doctor approved by the
insurance carrier or the commission a second opinion that concurs with the
treating doctor's recommendation;


 (2) the insurance carrier waives the right to an examination or fails to request an
examination before the 15th day after the date of the notification that surgery
is recommended; or


 (3) the commission determines that extenuating circumstances exist and orders
payment for surgery.


(b) The commission shall adopt rules necessary to ensure that an examination required
under this section is performed without undue delay.



Tex. Lab. Code Ann. § 408.026 (West 1996).

 The Commission's rules in effect at the time this dispute arose provided that when the
second opinion referred to in subsection 408.026(a)(1) did not concur in the recommendation for spinal
surgery, the injured employee or the treating doctor could request a review of the dispute. See 16 Tex.
Reg. 316 (1991) (former Commission Rule 133.205, since repealed). If the medical dispute remained
unresolved after this review, the parties could proceed to a hearing. See 28 Tex. Admin. Code
§ 133.305(m) (West 1996); see also Tex. Lab. Code Ann. § 413.031(d) (West 1996). If, following a
hearing, the Commission determined that there were extenuating circumstances and the surgery was
reasonably necessary, the carrier could be ordered to pay the reasonable fees associated with the surgery. 
See Tex. Lab. Code Ann. § 408.026(a) (West 1996).

 Notwithstanding the entry of such an order here, the Commission has, in this proceeding,
consistently recognized that if and when Texas Pacific receives the treating physician's bill, it is still entitled
by statute to challenge both the necessity for the surgery and the amount of the payment, and has the right
to a contested-case hearing and judicial review on that challenge. See Tex. Lab. Code § 408.027(d)
(West 1996). Because the statute and the Commission's rules allow Texas Pacific to make a post-surgery
challenge to its obligation to pay, the antecedent order determining that the surgery was medically necessary
and purporting to order the carrier to pay is, in effect, interlocutory and is not binding as to Texas Pacific. 
The Commission explains that the general purpose of the bifurcated proceedings is to ensure that treatment
for spinal injuries requiring surgery was performed without undue delay, as required by statute. See Tex.
Lab. Code Ann. § 408.026(b) (West 1996).

 Thus, despite the fact that the Commission's written order purports to "order" Texas Pacific
to pay for Ortiz's surgery, the Commission has, from the outset, conceded that the order cannot and does
not and was never intended to bind Texas Pacific. The Commission stipulated at oral argument before this
Court that, because Texas Pacific was not a party to the contested-case proceeding in which it was
determined that the spinal surgery was medically necessary, that order is not binding on Texas Pacific in
any way. The trial court's judgment contains a declaration to the same effect. Accordingly, we conclude
that Texas Pacific's due process rights have not been infringed, nor have its substantial rights been
prejudiced. Therefore, to the extent that Texas Pacific's first point of error complains of the trial court's
failure to declare the Commission's procedure unconstitutional or otherwise invalid, it is overruled.

 To the extent, however, that point of error one attempts to complain of the trial court's
ruling in Texas Pacific's suit for judicial review of the Commission's order, we hold that Texas Pacific has
not exhausted its administrative remedies. As discussed above, Commission rules permit Texas Pacific to
assert a post-surgery challenge to its obligation to pay for Ortiz's spinal surgery. When it filed this suit,
Texas Pacific had not yet availed itself of the post-surgery contested-case proceeding (presumably because
the surgery had not yet been performed or Texas Pacific had not yet received the bill). Thus, to the extent
that Texas Pacific's suit and appeal involve its cause of action for judicial review of the Commission's order,
both this Court and the trial court are without jurisdiction to entertain that claim in the present cause. See
Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992) ("As a
rule, a party to an administrative proceeding is not entitled to judicial review until the party has pursued
correction through the prescribed administrative process.").

 In point of error three, Texas Pacific complains that the trial court erred in failing to grant
Texas Pacific injunctive relief to protect it from enforcement of the Commission's order. Based on the
foregoing discussion, we overrule point three.

 Point of error two asserts that the trial court erred in failing to find that the Commission was
without authority to file an amended order seven days after it filed its original order. The Commission
originally issued a decision on November 9, 1994. It later issued an amended final order on November
16. Although conceding that the original order would not have become final until November 18, Texas
Pacific asserts that the Commission was without jurisdiction to issue the amended order on November 16. 
We reject this argument. An agency has the discretion to reconsider and rescind a decision on a matter
that has not become final. South Taylor County Indep. Sch. Dist. v. Winters Indep. Sch. Dist., 249
S.W.2d 1010, 1012 (Tex. 1952); S & A Marinas, Inc. v. Leonard Marine Corp., 875 S.W.2d 766,
769-70 (Tex. App.Austin 1994, writ denied). We overrule point of error two.


CONCLUSION


 To the extent Texas Pacific's suit and appeal request judicial review of the Commission's
order, we set aside the trial court's judgment and dismiss that cause of action. To the extent Texas Pacific's
suit and appeal request other relief, and in all other respects, the trial court's judgment is affirmed.


 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Affirmed in Part; Judgment Set Aside and Cause Dismissed in Part

Filed: November 6, 1996

Do Not Publish



ng that the surgery was medically necessary
and purporting to order the carrier to pay is, in effect, interlocutory and is not binding as to Texas Pacific. 
The Commission explains that the general purpose of the bifurcated proceedings is to ensure that treatment
for spinal injuries requiring surgery was performed without undue delay, as required by statute. See Tex.
Lab. Code Ann. § 408.026(b) (West 1996).

 Thus, despite the fact that the Commission's written order purports to "order" Texas Pacific
to pay for Ortiz's surgery, the Commission has, from the outset, conceded that the order cannot and does
not and was never intended to bind Texas Pacific. The Commission stipulated at oral argument before this
Court that, because Texas Pacific was not a party to the contested-case proceeding in which it was
determined that the spinal surgery was medically necessary, that order is not binding on Texas Pacific in
any way. The trial court's judgment contains a declaration to the same effect. Accordingly, we conclude
that Texas Pacific's due process rights have not been infringed, nor have its substantial rights been
prejudiced. Therefore, to the extent that Texas Pacific's first point of error complains of the trial court's
failure to declare the Commission's procedure unconstitutional or otherwise invalid, it is overruled.

 To the extent, however, that point of error one attempts to complain of the trial court's
ruling in Texas Pacific's suit for judicial review of the Commission's order, we hold that Texas Pacific has
not exhausted its administrative remedies. As discussed above, Commission rules permit Texas Pacific to
assert a post-surgery challenge to its obligation to pay for Ortiz's spinal surgery. When it filed this suit,
Texas Pacific had not yet availed itself of the post-surgery contested-case proceeding (presumably because
the surgery had not yet been performed or Texas Pacific had not yet received the bill). Thus, to the extent
that Texas Pacific's suit and appeal involve its cause of action for judicial review of the Commission's order,
both this Court and the trial court are without jurisdiction to entertain that claim in the present cause. See
Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992) ("As a
rule, a party to an administrative proceeding is not entitled to judicial review until the party has pursued
correction through the prescribed administrative process.").

 In point of error three, Texas Pacific complains that the trial court erred in failing to grant
Texas Pacific injunctive relief to protect it from enforcement of the Commission's order. Based on the
foregoing discussion, we overrule point three.

 Point of error two asserts that the trial court erred in failing to find that the Commission was
without authority to file an amended order seven days after it filed its original order. The Commission
originally issued a decision on November 9, 1994. It later issued an amended final order on November
16. Although conceding that the original order would not have become final until November 18, Texas
Pacific asserts that the Commission was without jurisdiction to issue the amended order on November 16. 
We reject this argument. An agency has the discretion to reconsider and rescind a decision on a matter
that has not become final. South Taylor County Indep. Sch. Dist. v. Winters Indep. Sch. Dist., 249
S.W.2d 1010, 1012 (Tex. 1952); S & A Marinas, Inc. v. Leonard Marine Corp., 875 S.W.2d 766,
769-70 (Tex. App.Austin 1994, writ denied). We overrule point of error two.


CONCLUSION