Charlie TURNER, Appellant,

v.

JOSHUA INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 6032.

Court of Civil Appeals of Texas, Waco.

June 21, 1979.

Rehearing Denied July 19, 1979.

Charles O. Dobbs, Nickelson, Michael & Dobbs, Fort Worth, for appellant.

David B. Owen, Morgan, Gambill & Owen, Fort Worth, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Charlie Turner from judgment declaring he had "no contract and no right to continued employment" with appellee Joshua Independent School District, after June 30, 1978.

Appellee School District filed this case on May 22, 1978 seeking declaratory judgment under Article 2524–1 VATS. The School District alleged it had a written contract with appellant whereby he was employed as a school principal for the period August 1, 1977 thru June 30, 1978; that the School Board at its meeting on March 6, 1978 passed a motion "to hire Charlie Turner for one year" by a 4 to 3 vote; that thereafter the Board at its meeting on March 14, 1978 passed a motion "to reverse the intent of the decision made March 6, 1978 and not extend the contract of Charlie Turner" by a vote of 5 to 2; that a justiciable controversy exists between the parties; that Turner contends his employment was extended for one year; that the School contends Turner had no right for continued employment after June 30, 1978. The School District sought judgment declaring the rights, status and legal relations between the parties.

Turner filed a plea in abatement alleging he had filed a case against the School District in the United States District Court in Fort Worth on June 30, 1978 embodying the cause of action filed by the School District, as well as asking for lost wages.

The trial court overruled such plea in abatement, tried the case without a jury, and rendered judgment declaring appellant had no contract and no right to continued employment with the School District after June 30, 1978.

The trial court filed Findings and Conclusions pertinent of which are summarized as follows:

*Findings of Fact*

1) On May 30, 1977 plaintiff employed defendant as a school principal from August 1, 1977 thru June 30, 1978. Such employment was evidenced by a written contract between the parties.

2) Defendant had no right of renewal, either expressly under the contract,

or implied by any custom, policy or action of the parties.

3) The School District has not adopted the continuing contract law of Texas.

4) Defendant did not have any reasonable non-subjective expectation of continued employment after June 30, 1978.

5) The School District followed its usual customary procedure in evaluating whether to continue defendant's employment for another year. Defendant was not treated differently from others similarly situated.

6) On March 6, 1978 the School Board passed a resolution to extend the employment of defendant for one year.

7) The School Board did not direct that its action of March 6, 1978 be communicated to defendant, but defendant was told of such action shortly thereafter by the Superintendent.

8) The School Board did not authorize the Superintendent or any other school official to make or communicate any offer of continued employment to Turner.

9) On March 14, 1978 the School Board passed a resolution to rescind its action of March 6, 1978, and resolved not to extend defendant's contract of employment.

10) Defendant was advised of this action of the School Board shortly thereafter.

11) There was no discussion of the terms of employment between the School Board and defendant at the meetings of March 6 and March 14, 1978.

12) No written contract of employment was entered into between plaintiff and defendant.

13) The Board's action in voting not to continue defendant's employment after June 30, 1978 was not based on any constitutionally impermissible reason.

*Conclusions of Law*

1) Defendant did not have any de jure tenure.

2) Defendant did not have any de facto tenure.

3) Defendant did not have any property right in continued employment.

4) No contract was made between plaintiff and defendant to extend defendant's contract for one year.

5) Defendant had no contract of employment with plaintiff after June 30, 1978.

6) Plaintiff did not infringe any liberty interest of defendant protected by the U.S. Constitution.

7) Defendant was not denied equal protection of the laws.

8) Defendant was not rendered any legal obligation to provide defendant a hearing before the School Board.

Appellant appeals on 69 points presenting 4 main contentions.

■ Contention 1 asserts the trial court erred in not granting appellant's plea in abatement. Such plea sought abatement of this case because of the pendency of an action filed by appellant in the U.S. District Court in Fort Worth which embodied the cause of action plead in this case, contended appellant had a contract for the 1978–1979 school year, and sought damages for breach of such asserted contract. As noted this case was filed in the District Court of Johnson County on May 22, 1978; and the case in Federal Court was later filed on June 30, 1978.

The jurisdiction of the District Court of Johnson County having attached on filing of the suit cannot be taken away or arrested by subsequent proceedings in another court. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063; *Mayo v. Hall,* (Waco, Tex.Civ. App.) NWH, 571 S.W.2d 213. The trial court correctly and properly overruled the plea in abatement.

Contention 2 asserts the trial court erred in finding appellant had no de facto tenure for the 1978–79 school year.

The School District had not adopted the Texas Continuing Contract Law (Sec. 13.-101 et seq., Texas Education Code). Appellant was employed under a contract which ended by its own terms. Appellant was not fired. He had no de facto tenure, and has not served at the School District since June 30, 1978. The trial court correctly held appellant had no de facto tenure for the 1978–79 school year. See: *Hix v. Tuloso-Midway Independent School District,* (Corpus Christi, Tex.Civ.App.) NRE, 489 S.W.2d 706.

Contention 3 asserts he was denied due process because the School Board did not give him a hearing. Appellant was not rehired by the School District. He had no property right in continued employment; the non renewal was not based on some constitutionally impermissible reason as revenge or asserted misconduct. In such circumstances the Board had no legal obligation to provide appellant a hearing before the Board. *Hix v. Tuloso-Midway Independent School District, supra; Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570.

Contention 4 asserts the trial court erred in concluding defendant had no contract of employment with plaintiff after June 30, 1978; and that findings to the contrary are against the great weight and preponderance of the evidence.

Appellant's old contract ended June 30, 1978. The real question here is whether any new contract rights arose on the basis of the March 6, 1978 Board meeting. Turner's hiring was controversial. The Board voted at such meeting "to hire Charlie Turner for one year" by a 4 to 3 vote. At the same time another meeting was scheduled for March 14, and the Superintendent was instructed to ask Turner to be present at the March meeting. Neither the Superintendent nor anyone else was authorized to communicate any offer of employment or discuss any possible terms of a contract with appellant. The Board's action on March 6 could not result in a contract without an authorized communication of the action to appellant and some clear unequivocal action on appellant's part. When the Superintendent told appellant he had been reelected (on about March 8) appellant did not ask the Superintendent to notify the Board he accepted; and appellant's casual conversation with board-member Russell did not result in the making of a contract. The Board on March 14 rescinded its action of March 6, which it had a right to do. *South Taylor County Ind. Sch. Dist. v. Winters Ind. Sch. Dist.,* 151 Tex. 330, 249 S.W.2d 1010. The trial court's conclusion and necessary findings that no contract existed are correct.

All appellant's points have been considered and are overruled.

AFFIRMED.